# CIVIL COVER SHEET

JS 44 (Rev. 3/99)

03-00030

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Julia Borja Emmanuel

## DEFENDANTS

Guam Seventh-Day Adventist Clinic, Guam-Micronesia Mission, Michael Mahoney, and Does 1 through 10

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sandra D. Lynch
251 Martyr Street, Suite 101
Agana, GU 96910

ATTORNEYS (IF KNOWN)

RECEIVED
AUG - 7 2003
DISTRICT COURT OF GUAM
HAGATNA, GUAM

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

(Nature of suit categories with checkbox 442 Employment and 443 Housing/Accommodations marked under CIVIL RIGHTS)

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original Proceeding

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

42 USC 2000 e, et seq. Title VII of the Civil Rights Act of 1964. Denial of equal employment benefits and rights, racial and gender discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ $200,000 +

CHECK YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☒ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):
JUDGE _____  DOCKET NUMBER _____

DATE: 7 Aug 2003

SIGNATURE OF ATTORNEY OF RECORD: /s/ Sandra A. Lynch

FOR OFFICE USE ONLY

RECEIPT # ____ AMOUNT ____ APPLYING IFP ____ JUDGE ____ MAG. JUDGE ____

SANDRA D. LYNCH, ESQ., P.C.
C&A BUILDING, SUITE 101
251 MARTYR STREET
HAGÅTÑA, GUAM 96910
Telephone: (671) 472-6848
Fax: (671) 477-5790
E-Mail: sdl@cbblaw.net

*Attorneys for Julia Borja Emmanuel*

FILED
DISTRICT COURT OF GUAM
AUG - 7 2003
MARY L. M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 03-00030<br><br>**COMPLAINT UNDER**<br>**42 USC §2000e, et seq.**<br>[Title VII of Civil Rights Act Of 1964, as amended] |

Comes now Plaintiff and herein alleges as follows:

**PRELIMINARY STATEMENT/JURISDICTION**

1. This is a suit in equity pursuant to Title VII of the Civil Rights Act of 1964, 42 USC §2000e et seq., as amended.

2. This Court has jurisdiction pursuant to 42 USC §2000e and -5(f) and 28 USC §1343(4), to secure the protection of and to redress deprivations of rights, and to provide relief against racial, religious, national origin, and sex discrimination in employment;

3. The conditions precedent to jurisdiction under 42 USC 2000 e-5(f)(3) have been met since

each Plaintiff filed charges of employment discrimination with the Equal Employment Opportunity Commission within 180 days of the commission of the unfair employment practice and the EEOC issued a Right to Sue notification which was received less than 90 days prior to the filing of this complaint;

**PARTIES**

4. Plaintiff, Julia Borja Emmanuel is a citizen of the United states and a Pacific Island resident in Guam;

5. Defendant Guam Seventh Day Adventist Clinic is, upon information and belief a non-profit medical clinic with its principal place of business in Guam under the control of a Board of Directors;

6. Defendant Guam-Micronesia Mission upon information and belief operates the Guam Seventh Day Adventist Clinic in Guam;

7. Defendant Michael Mahoney is the Defendant Clinic's Administrator in charge of the day to day operations of the Defendant Clinic and sits as the Chair of the Administrative Council which reports to the Board of Directors;

8. Does 1 through 10 are unidentified directors, managers, administrators, agents or assigns of Defendants Clinic, Mission, and/or Mahoney collectively, who participated in, condoned, authorized, agreed, directed, or had notice of and failed to take action to stop the unlawful employment practices alleged by Plaintiff; and Plaintiff will amend her complaint as their identities are discovered;

9. Plaintiff Julia Borja Emmanuel was the Human Resources Director for Defendant Clinic in Guam at relevant times;

10. Plaintiff Emmanuel's administrative position as Director was revoked without cause on or about July 10, 2003 by the Clinic Board;

Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic, et al.
Civil Case No. _____
COMPLAINT

-2-

Case 1:03-cv-00030   Document 1-2   Filed 08/07/2003   Page 2 of 5

11. Plaintiff Emmanuel was given a new title to an hourly position which did not otherwise exist, called Human Resources Manager, on or about July 10, with an effective date of August 1, 2003. Defendant Mahoney revised the effective date to September 1, 2003 after Plaintiff complained;

12. At all relevant times, Plaintiff Emmanuel functioned as an administrator and not as an hourly employee;

## ALLEGATIONS

13. At all times relevant, Plaintiff performed her duties and carried out the obligations of her employment fully;

14. During the course of her employment, Plaintiff has been continuously denied certain benefits granted openly to "state-side" hires, and male Directors within the Clinic;

15. During the course of her employment, Plaintiff came under the supervision of Defendant Mahoney in his capacity as Administrator and as Chairperson of the Administrative Council;

16. On or about July 10, 2003, Defendants deliberately reduced Plaintiff's position within the organization, reduced her pay and openly stated that such actions were taken because Plaintiff is of Chamorro descent or "a local" according to the Clinic Board at its July 10 meeting;

17. During the course of Defendant Mahoney's supervision over Plaintiff, Defendant Mahoney discriminated against Plaintiff and subjected her to differential terms and conditions of employment because of her race and national origin as a Pacific Islander by removing her title as Director under the pretense of changing her employment status from administration to an hourly employee;

18. During the course of Defendant Mahoney's supervision over Plaintiff, Defendant Mahoney discriminated against Plaintiff and subjected her to differential terms and conditions of employment because of her race and national origin as a Pacific Islander by reducing her salary

Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic, et al.
Civil Case No. _____
COMPLAINT

-3-

| | |
|---|---|
| 1 | and revoking valuable employment benefits, including life insurance, free medical insurance, |
| 2 | and other benefits without changing the scope of her responsibilities; |
| 3 | 19. During the course of Defendant Mahoney's supervision over Plaintiff, Defendant Mahoney |
| 4 | discriminated against Plaintiff and subjected her to differential terms and conditions of |
| 5 | employment because of her gender; |
| 6 | 20. The differential terms and conditions of employment by Defendant Mahoney created a hostile |
| 7 | work environment not experienced by the white or male Directors similarly situated; |
| 8 | 21. Defendants Mahoney and the Clinic have exhibited patterns and practices of discrimination |
| 9 | toward Pacific Islanders and women; |
| 10 | 22. Defendants Mahoney and the Clinic subjected Plaintiff to discrimination in the terms of her |
| 11 | employment; |
| 12 | 23. Defendant Clinic condoned, accepted, or otherwise authorized, either implicitly or explicitly, |
| 13 | the actions of racial and gender discrimination, disparate treatment, and other unlawful |
| 14 | employment practices to which Plaintiff was subjected in her employment; |
| 15 | 24. The actions by Defendants affected the rights of Plaintiff by depriving Plaintiff of equal |
| 16 | employment opportunities because of racial and gender discrimination; |
| 17 | 25. As a direct result of the Defendants' unlawful actions, discrimination, differential and disparate |
| 18 | treatment, Plaintiff suffered emotional harm, suffering, mental anguish, loss of enjoyment, and |
| 19 | other non-pecuniary losses in amounts to be proved at trial; |
| 20 | 26. As a direct result of the Defendants' unlawful actions, discrimination, differential and disparate |
| 21 | treatment, Plaintiff lost income and future prospects of income, incurred expenses and costs, |
| 22 | and will incur future expenses and costs, including attorneys fees, in amounts to be proved at |
| 23 | trial; |

Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic, et al.
Civil Case No. _____
**COMPLAINT**

-4-

**THEREFORE, PLAINTIFF PRAYS THAT:**

1. She be compensated for lost wages, benefits, bonuses, backpay and interest thereon in amounts which they would have received but for the discriminatory practices of Defendants in amounts to be proved at trial;

2. She be compensated for mental anguish, personal suffering, professional embarrassment and public humiliation in the amount of $200,000.00 for which Defendants should be jointly and severally liable;

3. The Court assess punitive damages against the Defendants and each of them, in amounts sufficient to deter further unlawful employment practices described herein;

4. For attorneys fees and costs of suit;

5. The Court grant such other legal and equitable relief as it deems just and proper in the circumstances of the case;

Respectfully submitted this 7th day of August, 2003.

By: _____
SANDRA D. LYNCH, ESQ.
Attorneys for Plaintiff

Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic, et al.
Civil Case No. _____
**COMPLAINT**

-5-