ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
MEREDITH SAYRE
134 West Soledad Avenue
Bank of Hawaii Bldg., Suite 401
P.O. Box BF
Hagåtña, Guam 96932-5027
Tel. No. (671) 472-6813

Attorneys for Defendants
Guam Seventh-Day Adventist Clinic,
Guam-Micronesia Mission, and Michael Mahoney



DISTRICT COURT OF GUAM
FILED
AUG 27 2003
MARY L. M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL, ) | CIVIL CASE NO. CIV03-00030 |
| ) | |
| Plaintiff, ) | |
| ) | **DEFENDANTS' ANSWER TO** |
| vs. ) | **COMPLAINT; DECLARATION OF** |
| ) | **SERVICE** |
| GUAM SEVENTH-DAY ADVENTIST ) | |
| CLINIC, GUAM-MICRONESIA MISSION, ) | |
| MICHAEL MAHONEY, and DOES 1 ) | |
| through 10, ) | |
| ) | |
| Defendants. ) | |

Defendants answer the complaint as follows:

1. Defendants deny the allegations of paragraph 1.

2. Defendants deny the allegations of paragraph 2.

3. Defendants deny the allegations of paragraph 3.

4. Defendants admit only that Plaintiff is a United States citizen and that she is a resident of Guam.

3155912.1.000901-00030

5. Defendants admit the allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants admit the allegations of paragraph 7.

8. Defendants need not answer the allegations regarding Doe defendants.

9. Defendants admit the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants deny the allegations of paragraph 13.

14. Defendants deny the allegations of paragraph 14.

15. Defendants admit the allegations of paragraph 15.

16. Defendants deny the allegations of paragraph 16.

17. Defendants deny the allegations of paragraph 17.

18. Defendants deny the allegations of paragraph 18.

19. Defendants deny the allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

21. Defendants deny the allegations of paragraph 21.

22. Defendants deny the allegations of paragraph 22.

23. Defendants deny the allegations of paragraph 23.

24. Defendants deny the allegations of paragraph 24.

25. Defendants deny the allegations of paragraph 25.

26. Defendants deny the allegations of paragraph 26.

## DEFENSES

1. The Verified Complaint fails to state facts sufficient to constitute a cause or causes of action against the answering Defendants.

2. Defendants have performed and fully discharged any and all obligations and legal duties to Plaintiff pertinent to the matters alleged in Plaintiff's complaint.

3. Without admitting Plaintiff has been discriminated against or otherwise damaged in any way, Defendants' conduct was, in all respects, legal.

4. Without admitting Plaintiff was discriminated against or damaged by any act of any Defendant, Defendants' actions and decisions were made in good faith and based on legitimate business reasons.

5. Employment decisions concerning Plaintiff were made on the basis of legitimate business reasons.

6. Defendants conducted a prompt, thorough investigation once it was on notice of alleged discrimination and took reasonable action commensurate with the findings.

7. Each cause of action alleged is barred by applicable statutes of limitation, including, under the United States Code, Title VII of the Civil Rights Act of 1964, and/or any other applicable statutes of limitation.

8. Plaintiff's claims are barred by the doctrine of estoppel.

9. Plaintiff's claims are barred by the doctrine of waiver.

10. Plaintiff's claims are barred by the doctrine of laches.

11. Plaintiff has not been damaged. However, to the extent Plaintiff proves otherwise, Plaintiff has failed to take adequate steps to minimize, reduce or diminish her damages,

if any, with respect to the matters alleged in the complaint. Accordingly, Plaintiff is barred from the recovery of damages or any recovery must be reduced in proportion to the amount attributable to her failure to mitigate her damages.

12. Some or all of the claims for damages are barred because Plaintiff failed to timely or properly exhaust her administrative remedies under Title VII of the Civil Rights Act of 1964.

13. Some or all of the claims for damages are barred in that Plaintiff's exclusive remedy is statutory under Title VII of the Civil Rights Act of 1964, and there is no common law remedy or other statutory remedy available to Plaintiff.

14. Plaintiff's claims are barred by the doctrine of unclean hands.

15. The loss, if any, allegedly sustained by Plaintiff was proximately caused or contributed to by the negligence, improper conduct or intervening acts of Plaintiff or other individuals or entities. Defendants are not legally responsible for any damages claimed by Plaintiff. If, however, any Defendant is found to be legally responsible, such Defendant's respective legal responsibilities are not the sole and proximate cause of any injury, and damages awarded to Plaintiff, if any, should be apportioned according to the respective fault and legal responsibility of all parties, persons and entities, and/or the agents, servants and employees who contributed to and/or caused said incidents according to proof presented at the time of trial.

16. Under the applicable law and the facts of this case, Plaintiff is not entitled to punitive damages. Moreover, punitive damages such as those claimed by Plaintiff are unconstitutional under the United States Constitution.

17. The Verified Complaint, and each cause of action contained therein, fails to allege any facts or any legal theory sufficient to entitle Plaintiff to recover attorneys' fees in this action.

18. Plaintiff's claims for injury, pain, suffering, mental anguish and emotional distress, if any, are barred by Guam's Worker's Compensation Law, 22 G.C.A. Div.1, Chap. 9.

19. Plaintiff's injuries, pain, suffering, mental anguish and emotional distress, if any, are the result of intervening and superseding causes.

20. Plaintiff's claims are barred because plaintiff was an at-will employee.

21. Defendants currently have insufficient information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendants, therefore, reserve the right to assert additional affirmative defenses in the event that discovery indicates that they would be appropriate.

Dated this 27th day of August 2003.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
MEREDITH SAYRE
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic,
   Guam-Micronesia Mission, and Michael Mahoney

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 27th day of August 2003, I will cause to be served, via hand delivery, a true and correct copy of **DEFENDANTS' ANSWER TO COMPLAINT; DECLARATION OF SERVICE** upon Plaintiff's Counsel of record as follows:

>Sandra D. Lynch, Esq., P.C.
>Suite 101, C&A Professional Building
>251 Martyr Street
>Hagåtña, Guam 96910

Dated this 27th day of August 2003.

_____
DAVID LEDGER