ORIGINAL



CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
MEREDITH SAYRE
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Guam Seventh-Day Adventist Clinic
Guam-Micronesia Mission and Michael Mahoney

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV03-00030<br><br>**DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF SERVICE** |

## I. INTRODUCTION

This Motion for Partial Summary Judgment addresses two different issues. First, summary judgment should be granted on all of Plaintiff Julie Emmanuel's Title VII claims against Defendant Michael Mahoney on the basis that he is not an "employer" contemplated under Title VII, and thus has no Title VII liability. Second, summary judgment should be granted in favor of all Defendants on Emmanuel's claims for damages for emotional distress, as such claims are barred by Guam's Worker's Compensation Law.

## II. BACKGROUND

On August 7, 2003, Plaintiff filed a Complaint under 42 U.S.C. § 2000e against

4851-5365-7088.1.037391-00004

Case 1:03-cv-00030   Document 10   Filed 04/15/2004   Page 1 of 6

Guam Seventh-Day Adventist Clinic, Guam-Micronesia Mission, and Michael Mahoney. The Complaint alleges that Mahoney is the "Clinic's Administrator in charge of the day to day operations of Defendant Clinic and sits as the Chair of the Administrative Council which reports to the Board of Directors." Compl., ¶ 7. Plaintiff alleges that Mahoney committed the following conduct: subjected her to differential terms and conditions of employment because of her race and national origin as a Pacific Islander and because of her gender, created a hostile work environment not experienced by white or male directors similarly situated to Plaintiff, exhibited patterns and practices of discrimination towards Pacific Islanders and women, and subjected Plaintiff to discrimination in the terms of her employment. Compl., ¶¶ 17-22.

Among other damages claimed, Emmanuel seeks compensation for "mental anguish, personal suffering, professional embarrassment and public humiliation in the amount of $200,000.00."

### III. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 allows the entry of summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Rule 56 mandates the entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 242, 248 (1986). The following discussion demonstrates that under this standard, the Court should grant this motion.

### IV. BECAUSE DEFENDANT MAHONEY IS NOT AN "EMPLOYER" UNDER TITLE VII, SUMMARY JUDGMENT ON ALL CLAIMS SHOULD BE GRANTED IN HIS FAVOR

Title VII prohibits an "employer" from discriminating against any individual with respect to her compensation, terms, conditions, or privileges of employment, because of the

individual's race, color, sex, or national origin. 42 U.S.C. § 2000e-2. Title VII specifically limits civil liability to the "employer." 42 U.S.C. § 2000e(b). An "'employer' means a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b).

Miller v. Maxwell's Intern. Inc., 991 F.2d 583 (9th Cir. 1993) is a case in point for granting this motion in favor of Mahoney. In Miller the Ninth Circuit held that Title VII does not extend to claims against a defendant in her individual capacity. The Ninth Circuit determined that Congress limited the applicability of Title VII to employers with fifteen or more employees "because it did not want to burden small entities with the costs associated with litigating discrimination claims." Id. at 587. Accordingly, "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." Id. As a result, the Ninth Circuit affirmed the dismissal of sex and age discrimination claims asserted against individual employees.

In this case, Emmanuel's claim against Mahoney is in his capacity as the Clinic's Administrator and as the Chair of the Administrative Council which reports to the Board of Directors. In particular, she complains of his conduct in subjecting her to differential terms and conditions of employment because of her gender, race and national origin.

However, under section 2000e and Miller, Title VII liability does not extend to Mahoney. First, not being an entity, he does not fit the definition of "employer" in section 2000e(b). Because Title VII does not apply to him in his individual capacity, Emmanuel cannot show that he violated Title VII's strictures. Second, under the policy discussed in Miller, Congress did not intend to include individuals under the cloak of Title VII liability. Allowing

the claims against Mahoney to proceed would be contrary to Miller and contradict Congress' intent not to burden small entities and individuals with the costs of litigating Title VII claims. Summary judgment is therefore appropriate in favor of Mr. Mahoney on all claims asserted against him. The Court should dismiss Mr. Mahoney from the lawsuit.

V. **BECAUSE EMMANUEL'S CLAIMS FOR EMOTIONAL DISTRESS ARE BARRED BY GUAM'S WORKER'S COMPENSATION LAW, SUMMARY JUDGMENT ON SUCH CLAIMS SHOULD BE GRANTED IN FAVOR OF DEFENDANTS**

Among other damages sought, Emmanuel seeks compensation for "mental anguish, personal suffering, professional embarrassment and public humiliation" in the amount of $200,000.00. However, as this Court has recognized in prior similar claims before the Court, Guam's Worker's Compensation Law bars Emmanuel's claim for emotional distress damages. See 22 G.C.A. § 9101 et seq. Under the worker's compensation law, an employee who receives a personal injury "arising out of or in the course of his employment must seek compensation under the worker's compensation scheme." 22 G.C.A. §§ 9103, 9104. Employer liability under the worker's compensation law *is exclusive and in place of all other liability of the employer* to the employee for injuries arising during the course of employment. 22 G.C.A. § 9106. Similarly, worker's compensation benefits are the exclusive remedy available against any co-employee or officer of the employer. 22 G.C.A. § 9135.

This Court has previously denied a claim for emotional distress damages on the basis of Guam's Worker's Compensation Law. In Tolentino v. American Bakery, Inc. (Dist. Ct. Guam Civ. Case No. 00-00001), the Court held that the plaintiff's claims for damages arising from mental anguish and emotional distress sustained while employed were precluded by the Worker's Compensation Law.

Similarly, here, the scope of Emmanuel's claimed damages for injuries of mental

anguish, personal suffering, professional embarrassment and public humiliation all relate to and arise out of her employment with Guam Seventh-Day Adventist Clinic. See Compl., ¶ 25. Because these injuries arose out of the course of her employment, the injuries and any claims arising therefrom fall under the worker's compensation scheme. As the worker's compensation law provides the exclusive remedy for Emmanuel's personal injuries arising out of the course of employment, her claims for these injuries are therefore barred at this juncture.

## VI. CONCLUSION

For the foregoing reasons, summary judgment should be granted in favor of Defendant Mahoney on all claims, and in favor of all Defendants on all claims for emotional distress, as barred under Guam's Worker's Compensation Law.

DATED: Hagåtña, Guam, April 15, 2004.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
MEREDITH SAYRE
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic
Guam-Micronesia Mission and
Michael Mahoney

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 15th day of April 2004, I will cause to be served, via hand delivery, a true and correct copy of **Defendants' Motion for Partial Summary Judgment; Declaration of Service** upon Plaintiff's Counsel of record as follows:

>Peter C. Perez, Esq.
>Lujan, Aguigui & Perez, LLP
>Suite 301, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

Executed this 15th day of April 2004, at Hagåtña, Guam.

_____
DAVID LEDGER

4851-5365-7088.1.037391-00004

Case 1:03-cv-00030   Document 10   Filed 04/15/2004   Page 6 of 6