LUJAN, AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiff Julia Borja Emmanuel*

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>Plaintiff,<br><br>-vs-<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 03-00030<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

## I. INTRODUCTION

Plaintiff Julia Borja Emmanuel ("Mrs. Emmanuel") files this Opposition to Defendants' Motion for Partial Summary Judgment. Mrs. Emmanuel sues Defendant Michael Mahoney ("Mr. Mahoney") in his official capacity and Mrs. Emmanuel does not make any state law or common law tort claim. As such, the motion for partial summary judgment should be denied on both requests.

## II. RELEVANT FACTS

Mrs. Emmanuel filed her action under the Civil Rights Act of 1964, as codified in 42 U.S.C.A. § 2000e, et seq. at the District Court of Guam on August 7, 2003, against Guam Seventh-Day Adventist Clinic, Guam-Micronesia Mission, and Mr. Mahoney, collectively

Page 1 of 5
Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic
Civil Case No. 03-00030
Opposition to Defendants' Motion for Partial Summary Judgment

Case 1:03-cv-00030    Document 12    Filed 05/19/2004    Page 1 of 5

referred to as "Defendants." Please refer to the Complaint filed by Mrs. Emmanuel on August 7, 2003 ("Complaint"). Mrs. Emmanuel sues Mr. Mahoney as the "Clinic's Administrator in charge of the day to day operations of Defendant Clinic and sits as the Chair of the Administrative Council which reports to the Board of Directors." Complaint at ¶ 7. Mrs. Emmanuel alleges in the Complaint that Mr. Mahoney subjected her to discrimination, while she was under his supervision. See Complaint at ¶¶ 15, 16, 17, 18, 19, 20, 21, 22, 24, 25, and 26.

Mrs. Emmanuel further alleges that "as a direct result of the Defendants' unlawful actions, discrimination, differential and disparate treatment" she "suffered emotional harm, suffering, mental aguish, loss of enjoyment, and other non-pecuniary losses." Complaint at ¶ 25. Mrs. Emmanuel prays that this Court award her compensatory damages for the above-mentioned injury. See Complaint at pp. 5, ¶ 2.

### III. ARGUMENT

**1. DISMISSAL IS NOT PROPER HERE SINCE DEFENDANT MAHONEY IS BEING SUED IN HIS OFFICIAL CAPACITY AS THE CLINIC'S ADMINISTRATOR.**

Title VII of the Civil Rights Act of 1964 ("Act") states that "the term 'employer' means a person engaged in an industry affecting commerce . . . **and any agent** of such a person." 42 U.S.C.A. § 2000e (b) (West 2004) (emphasis added). The Act makes it unlawful for an employer to discriminate against an employee based on the employee's race, color, religion, sex, or national origin. 42 U.S.C.A. § 2000e-2 (West 2004).

The Defendants misinterpret the holding in Miller v. Maxwell's Int'l. Inc., 991 F.2d 583 (9th 1993) and argues that under Miller, Mr. Mahoney is not a proper Defendant under Title VII. In Miller, "the Ninth Circuit held that individuals are subject to suit under Title VII only in their official capacities, under a theory of *respondeat superior*. ***Id.* at 587**." Pitchford v. Hematronix Inc., 1995 WL 219089, *2 (N.D. Cal. 1995)(citing Miller, supra). "The holding of *Miller* is clear,

Page 2 of 5
Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic
Civil Case No. 03-00030
Opposition to Defendants' Motion for Partial Summary Judgment

Case 1:03-cv-00030   Document 12   Filed 05/19/2004   Page 2 of 5

unequivocal, and binding on this court-- individual employees are not subject to liability under Title VII." Id.

In Hamm v. V-Track, Inc., 1995 WL 225684 (N.D. Cal. 1995), the court stated that:

> In addition, the court does not find the "agent" language in the definition of "employer" under FEHA allows suits against individual employees. This same language exists in Title VII, and cases interpreting that language have found that the "agent" language is intended to allow suit against an employer based on an agent's discriminatory acts, under a theory of respondeat superior; it was not intended to allow suits against individual employees. **See Miller, 991 F.2d at 588**; Sauers v. Salt Lake County, 1 F.3d 1122, 1125 (10th Cir. 1993); Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). The cases note **the language does allow suits** against employees in their *official* capacity, but not in their individual capacity.

Id. at *3 (emphasis added).

Here, the movant, Defendant Mahoney, concedes that he is being sued by Mrs. Emmanuel "in his capacity as the Clinic's Administrator and as the Chair of the Administrative Council[,] which reports to the Board of Directors." See Defendant's Motion for Partial Summary Judgment pp. 3, ¶ 2. The Complaint indicates that "Defendant Michael Mahoney is the Defendant Clinic's Administrator in charge of the day to day operations of Defendant Clinic and sits as the Chair of the Administrative Council which reports to the Board of Directors." Complaint at ¶ 7. All the allegations against Mr. Mahoney is as supervisor, his official capacity. The Court must keep Mr. Mahoney in this action to have some control over the Defendants. If Mrs. Emmanuel is successful, Mr. Mahoney may not be liable for damages, but he maybe enjoined from committing those same acts of discrimination on Mrs. Emmanuel. As such, Mr. Mahoney is a proper Defendant in this matter and he should not be dismissed from this lawsuit.

Page 3 of 5
Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic
Civil Case No. 03-00030
Opposition to Defendants' Motion for Partial Summary Judgment

Case 1:03-cv-00030   Document 12   Filed 05/19/2004   Page 3 of 5

## 2. MRS. EMMANUEL IS NOT MAKING A STATE LAW OR COMMON LAW TORT CLAIM FOR INTENTIONAL OR NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

Title VII of the Civil Rights Act of 1991 ("1991 Act") permits compensatory and punitive damages for intentional employment discrimination. See 42 U.S.C.A. § 1981a (West 2004). The 1991 Act states compensatory damages may be awarded "for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses." 42 U.S.C.A. § 1981a (b) (West 2004).

Mrs. Emmanuel is not making a separate state law or common law tort claim. Mrs. Emmanuel's claim for compensatory damages for mental anguish, personal suffering, professional embarrassment and public humiliation are allowed as a direct result of the intentional discrimination and violation of the Civil Rights Act of 1964 found in Title VII. See 42 U.S.C.A. § 2000e, et seq. (West 2004). Any limitation or exclusivity rule mentioned in Guam law does not apply here, since the claim by Mrs. Emmanuel is made through the federal statutes in Title VII of the Civil Rights Act of 1964 and 1991. As such, the remedy that Mrs. Emmanuel is seeking is allowed under the 1991 Act and is properly brought in this Court. Mrs. Emmanuel properly stated a claim upon which relief may be granted. Therefore, summary judgment should not be granted in favor of the Defendants.

Page 4 of 5
Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic
Civil Case No. 03-00030
Opposition to Defendants' Motion for Partial Summary Judgment
Case 1:03-cv-00030   Document 12   Filed 05/19/2004   Page 4 of 5

## IV. CONCLUSION

For the reasons stated herein, the Defendants' Motion for Partial Summary Judgment on both requests should be denied.

Dated this 19th day of May, 2004.

LUJAN, AGUIGUI & PEREZ LLP

_____
DAVID J. LUJAN, ESQ.
PETER J. SABLAN, ESQ.
*Attorneys for Plaintiff Julie Borja Emmanuel*

Page 5 of 5
Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic
Civil Case No. 03-00030
Opposition to Defendants' Motion for Partial Summary Judgment
Case 1:03-cv-00030   Document 12   Filed 05/19/2004   Page 5 of 5