CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
MEREDITH SAYRE
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Guam Seventh-Day Adventist Clinic
Guam-Micronesia Mission and Michael Mahoney



FILED
DISTRICT COURT OF GUAM
JUN - 3 2004
MARY L. M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>           Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY and DOES 1 through 10,<br><br>           Defendants. | CIVIL CASE NO. CIV03-00030<br><br>**DEFENDANTS' REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR PARTIAL SUMMARY JUDGMENT; DECLARATION OF SERVICE** |

This Reply addresses the two points raised by Plaintiff Julia Borja Emmanuel in her May 19, 2004 Response to Defendants' Motion for Partial Summary Judgment, filed April 15, 2004.

I.  **Plaintiff Offers No Sustainable Basis for Including Mr. Mahoney as a Defendant in this Litigation.**

Plaintiff cites three reasons for denying Defendants' Motion for Partial Summary Judgment with respect to claims asserted against Mr. Mahoney, and against dismissing Defendant Mahoney: (1) Mr. Mahoney is being sued in his official, not individual, capacity; (2)

the "Court must keep Mr. Mahoney in this action to have some control over the Defendants;" (3) "Mr. Mahoney may not be liable for damages, but he maybe enjoined from committing those same acts of discrimination on Mrs. Emmanuel." Pl.'s Opp'n at 2-3. In discussing these three reasons and in attempting to keep Mr. Mahoney in this lawsuit, Plaintiff asks the Court to ignore the plain language of Title VII, the clear indication of Congress, and the sound conclusions of the Ninth Circuit.

First, a lawsuit against an individual sued in his official capacity is essentially a suit against the entity of which the individual is an agent. Mitchell v. Los Angeles Community College Dist., 861 F.2d 198, 201-02 (9th Cir. 1989). "Official-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. Department of Social Servs. of City of New York, 436 U.S. 658, 691 n.55 (1978). In other words, naming an individual in his official capacity is merely a formality to suing the entity he represents.

Plaintiff, who did not expressly name Mr. Mahoney as a defendant in his "official capacity," admits in her Opposition that "[a]ll of the allegations against Mr. Mahoney is as supervisor, his official capacity." Pl.'s Opp'n at 3. Since Plaintiff admits that Mr. Mahoney is only being named in his official capacity, i.e., as a surrogate for named co-Defendant Guam Seventh-Day Adventist Clinic, then his presence in this lawsuit is entirely superfluous and unnecessary.

Moreover, Mr. Mahoney does not fit the definition of an "employer" under Title VII. As noted in the Motion for Summary Judgment, Title VII limits civil liability to "employers," which are persons engaged in commerce with fifteen or more employees. 42 U.S.C. § 2000e(b). In examining the language of Title VII, the Ninth Circuit held that Title VII does not impose individual liability on employees. Miller v. Maxwell's Intern., Inc., 991 F.2d

583, 587 (9th Cir. 1993). Moreover, as Plaintiff admits, Pl.'s Opp'n at 3, Mr. Mahoney would not be liable for any award of damages to Plaintiff in the event she is successful. Plaintiff is correct, for "[i]f Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." Id. at 588.

Therefore, because Mr. Mahoney's presence in this lawsuit is only a formality and Plaintiff has named her employer as a Defendant in this action, and since Congress never intended liability to run to individuals such as Mr. Mahoney, the Court should grant summary judgment in favor of Mr. Mahoney and dismiss him as a Defendant in this lawsuit.

Second, Plaintiff asserts that the Court should not dismiss Mr. Mahoney from this lawsuit because the "Court must keep Mr. Mahoney in this action to have some control over the Defendants." Pl.'s Opp'n at 3. Once again, Plaintiff has named her employer, Guam Seventh-Day Adventist Clinic, as a Defendant in this action. Should the Court seek to exercise any control over Defendant Guam Seventh-Day Adventist Clinic, or over Defendant Guam-Micronesia Mission, it may do so directly without the intervening step of maintaining Mr. Mahoney in this lawsuit.

Third, Plaintiff states that Mr. Mahoney may be enjoined from committing acts of discrimination against Plaintiff and asserts that his continued presence in this litigation is necessary on that account. Pl.'s Opp'n at 3. However, should the Court issue any sort of injunctive relief, it would still be unnecessary to maintain Mr. Mahoney as a defendant in this case. As the Ninth Circuit noted in Miller, an employer found liable for Title VII violations because of actions committed by an employee will "quickly correct that employee's erroneous belief" that he can commit Title VII violations with "impunity." 991 F.2d at 588.

Plaintiff has failed to provide any sustainable basis for this Court to rule contrary to the plain language of Title VII, Congressional intent, and Ninth Circuit maxims, and to not dismiss Mr. Mahoney from this lawsuit.

## II. Plaintiff is Barred from Seeking Damages for Emotional Distress Based on the Exclusivity of Guam's Worker's Compensation Law

Plaintiff's damages for injuries of mental anguish, personal suffering, professional embarrassment and public humiliation fall exclusively under Guam's Worker's Compensation Scheme. 22 G.C.A. § 9101 et seq. Plaintiff failed to seek relief for emotional distress under Guam's law, and is therefore barred from raising such claims here.

## III. Conclusion

For the foregoing reasons, and for the reasons stated in the Motion for Partial Summary Judgment, Defendant respectfully requests summary judgment in favor of Defendants.

DATED: Hagåtña, Guam, June 3, 2004.

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE McDONALD
MEREDITH SAYRE
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic
Guam-Micronesia Mission and
Michael Mahoney

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 3rd day of June 2004, I will cause to be served, via hand delivery, a true and correct copy of **Defendants' Reply to Plaintiff's Opposition to Motion for Partial Summary Judgment; Declaration of Service** upon Plaintiff's Counsel of record as follows:

> Peter C. Perez, Esq.
> Lujan, Aguigui & Perez, LLP
> Suite 301, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

Executed this 3rd day of June 2004, at Hagåtña, Guam.

*/s/ David Ledger*
DAVID LEDGER