FILED
DISTRICT COURT OF GUAM
JUL 22 2004
MARY L. M. MORAN
CLERK OF COURT



# DISTRICT COURT OF GUAM
# TERRITORY OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY and DOES 1 through 10,<br><br>Defendants. | Civil Case No. 03-00030<br><br>ORDER |

This matter is before the Court on a Motion for Partial Summary Judgment Motion filed by the Defendants, Guam Seventh-Day Adventist Clinic, Guam-Micronesia Mission, Michael Mahoney and Does 1 through 10. Pursuant to Local Civil Rule 7.1(e)(3), this matter is appropriate for decision without the need for oral argument.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby GRANTS the motion in part as to the Defendant, Michael Mahoney and DENIES in part the motion as to the remainder of the Defendants. The Court issues the following decision.

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

## BACKGROUND

This action was brought by the Plaintiff, Julie Borja Emmanuel, pursuant to Title VII of the Civil Rights Acts of 1964, as amended, 42 U.S.C. § 2003, *et. seq.* In her complaint, the Plaintiff alleges Title VII Race (Pacific Islander) and Gender Discrimination. The complaint alleges that while she was under the supervision of the Defendant, Mr. Michael Mahoney ("Mr. Mahoney"), she was subjected to discrimination. Mr. Mahoney is "the Defendant Clinic's Administrator in charge of the day to day operation of Defendant Clinic and sits as the Chair of the Administrative Council which reports to the Board of Directors." Complaint at ¶ 7. The Plaintiff claims that her administrative position as Director was revoked without cause. And, she was given a new title at a lower hourly position which allegedly did not otherwise exist, called Human Resources Manager. Among other damages claimed due to the discrimination the Plaintiff states that she should be compensated for "mental anguish, personal suffering, professional embarrassment and public humiliation in the amount of $200,000.00 for which Defendants should be jointly and severally liable." Complaint at page 5. On April 15, 2004, the Defendants filed the instant motion.

## DISCUSSION

The Defendants now move this Court for partial summary judgment. Defendant Mr. Mahoney requests this Court grant him summary judgment as to all of the Plaintiff's claims against him, and all of the Defendants request this Court grant them summary judgment as to the Plaintiff's claims for damages for emotional distress. Summary judgment is appropriate when the evidence, read in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The party opposing summary judgment cannot rest on conclusory allegations, but must set forth specific facts showing that there is a genuine issue for trial. Leer v. Murphy, 844 F.2d 628, 631 (9th Cir. 1988). Moreover, to defeat a summary judgment motion, the nonmoving party must come forward with evidence sufficient to establish the existence of any disputed element essential to that party's case, and for which that party will bear the burden of proof at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 322, 102 S.Ct. 2548 (1986).

The Defendant claims that the Plaintiff cannot recover, as a matter of law, against him as pled by the Plaintiff because there is no civil liability for individual agents under Title VII. See Miller v. Maxwells International, 991 F.2d 583 (9th Cir. 1993), cert. denied, 510 U.S. 1109, 127 L.Ed. 372 (1994). Title VII prohibits "an employer to discharge an individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's . . . sex." 42 U.S.C. § 2000(e) et. seq. "Employer" is defined as "a person engaged in an industry affecting commerce who has fifteen or more employees . . . and any agent of such a person." 42 U.S.C. § 2000(e) (b). In this instance, Mr. Mahoney is being sued in his official capacity as the Plaintiff's supervisor. However, this Court notes that most jurisdictions hold that Congress did not intend to impose individual liability on those employees of the employer entity who act in a supervisory capacity as they are not the employer as defined.

In fact, of the eleven circuits that have addressed the question, ten have rejected the imposition of individual liability under Title VII. Tomka v. Seiler Corp., 66 F.3d 1295, 1313 (2nd Cir. 1995) (individual supervisors exercising control over plaintiff are not personally liable under Title VII); Sheridan v. E.I. DuPont de Nemours and Co., 100 F.3d 1061, 1078 (3rd Cir. 1996) cert. denied, 138 L. Ed. 2d 1031, 117 S. Ct. 2532 (1997) (holding that Congress did not intend to hold individual employees liable under Title VII); Grant v. Lone Star Co., 21 F.3d 649, 653 (5th Cir. 1994) cert. denied, 513 U.S. 1015, 130 L. Ed. 2d 491, 115 S. Ct. 574 (1994) (no individual liability unless individual defendant meets Title VII's definition of "employer"); Wathen v. General Elec. Co., 115 F.3d 400, 405 (6th Cir. 1997) (individual employee/supervisor who is not otherwise an employer cannot be held personally liable under Title VII); Williams v. Banning, 72 F.3d 552, 555 (7th Cir. 1995) (no individual liability under Title VII); Bonomolo-Hagen v. Clay Central-Everly Community Sch. Dist., 121 F.3d 446, 1997 U.S. App. LEXIS 21512, (8th Cir. 1995)(supervisors may not be held individually liable under Title VII); Miller v. Maxwell's Int'l. Inc., 991 F.2d 583, 588 (9th Cir. 1993) cert. denied, 510 U.S. 1109, 114 S. Ct. 1049, 127 L. Ed. 2d 372 (1994) (holding that individuals cannot be held liable for damages under Title VII); Haynes v. Williams, 88 F.3d 898, 901 (10th Cir. 1996) (reaffirming Sauers v. Salt Lake County, 1 F.3d 1122 (10th Cir.

1993), (holding that Title VII "liability is appropriately borne by employers, not individual supervisors"); Smith v. Lomax, 45 F.3d 402, 403-404, n.4 (11th Cir. 1995) (no individual liability under Title VII); Gary v. Long, 313 U.S. App. D.C. 403, 59 F.3d 1391, 1399 (D.C. Cir.) cert. denied, 516 U.S. 1011, 116 S. Ct. 569, 133 L. Ed. 2d 493 (1995) (individual supervisors not personally liable under Title VII). The Ninth Circuit in Miller noted that since "Congress decided to protect small entities with limited resources from liability, it is inconceivable that Congress intended to allow civil liability to run against individual employees." 991 F.2d at 587. This Court agrees with Miller and with the nearly-unanimous view of the federal circuits that an employee/supervisor, who does not otherwise qualify as an "employer," cannot be held liable under Title VII.

The Plaintiff argues that Mr. Mahoney's presence is necessary in order for the Plaintiff to have some control over the Defendants, and should the Plaintiff prevail, Mr. Mahoney may be enjoined from committing the same discriminatory acts. However, the Court is not persuaded by either of these arguments. Both arguments could be advanced in every Title VII action where the allegation is that a supervisor discriminated against a subordinate. Clearly an employer found liable for civil damages will put a stop to the continued practices of its employees that expose the employer to further suits. As the Ninth Circuit noted in Miller, "[a]n employer that has incurred civil damages because one of its employees believes he can violate Title VII with impunity will quickly correct that employee's erroneous belief." Miller, 991 F.2d at 588. Accordingly, summary judgment is appropriate as to Mr. Mahoney.

Next, the Defendants argue that the Plaintiff's claim for emotional distress is barred by the exclusivity provisions of Guam's Worker's Compensation Law. Specifically, the Defendants claim that any employee who alleges that he or she receives a personal injury "arising out of or in the course of his employment must seek compensation under the worker's compensation scheme." 22 Guam Code Ann. §§ 9103, 9104. The definition of injury is defined under 22 Guam Code Ann. § 9103 as "accidental injury or death arising out of and in the course of employment, and such occupational disease or infection as arises naturally out of such employment or as naturally or unavoidably results from such accidental injury. The terms includes an injury caused by the willful

act of a third person directed against an employee because of his employment." 22 Guam Code Ann. § 9103(m). Employer liability under the worker's compensation law is exclusive and in place of all other liability of the employer to the employee for injuries arising during the course of employment. 22 Guam Code Ann. § 9106.

In general, "claims for emotional distress caused by the employer's conduct causing distress such as 'discharge, demotion, discipline or criticism' are preempted by the Workers' Compensation Act, even when the employer's acts causing the distress are intentional or outrageous." Calero v. Unisys Corp., 271 F.Supp. 1172, 1180 (N.D. Cal. 2003). Such distress caused by the conduct of the employer is considered part "'of the normal risk of employment' and hence subject to the exclusive remedies of the worker's compensation law." Id. However, that does not mean that all conduct that occurs at the workplace is considered as part of the normal risk of employment. See Fretland v. County of Humboldt, 69 Cal.App.4th 1478, 1492 (1999) (holding that an emotional distress claim arising from unlawful discrimination was not preempted). It appears that there is no bright line test in determining what behavior is within the normal course of the employment.

In this instance, the Plaintiff's claim for emotional distress is based on the fact that Mr. Mahoney demoted her to an hourly position. The emotional distress caused by demotion is within the scope and course of the employment relationship. See Calero v. Unisys Corp., 271 F. Supp. 1172, 1180 (N.S. Cal. 2003). To the extent that this act constituted the whole of the Plaintiff's emotional distress claim, the Court agrees with the Defendants that the claim falls within the exclusivity provisions of the Guam Workers' Compensation Act and must be dismissed. However, the Plaintiff claims that she was demoted because she is of "Chamorro descent or 'a local'. See Complaint at ¶ 16. The nature of the Defendants' conduct and whether it is so far out of the normal risks of the employment relationship as to be seen as properly "arising out of or in the course of his employment" is a matter that is subject to debate and in need of further facts. 22 Guam Code Ann. § 9104. Accordingly, summary judgment on this matter is inappropriate at this time.

///

///

## CONCLUSION

Upon consideration of the foregoing, the Court hereby GRANTS in part the Defendants' summary judgment motion as to the Defendant, Mr. Mahoney and DENIES in part the remainder of the Defendants' motion as to the Plaintiff's emotional distress claim. Additionally, the hearing scheduled for Friday, July 30, 2004 is hereby vacated.

SO ORDERED this 14 day of July, 2004.

_____
JOHN C. COUGHENOUR*
United States District Judge

*The Honorable John C. Coughenour, United States Chief District Judge for the Western District of Washington, sitting by designation.