CARLSMITH BALL LLP

DAVID LEDGER
MEREDITH SAYRE
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Guam Seventh-Day Adventist Clinic
and Guam-Micronesia Mission



FILED
DISTRICT COURT OF GUAM
JUN 10 2005
MARY L.M. MORAN
CLERK OF COURT



IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>              Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY and DOES 1 through 10,<br><br>              Defendants. | CIVIL CASE NO. CIV03-00030<br><br>NOTICE OF MOTION; DEFENDANT'S MOTION TO STRIKE JURY DEMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE JURY DEMAND; DECLARATION OF SERVICE |

### NOTICE OF MOTION

TO:      Peter C. Perez, Esq.
            Lujan, Aguigui & Perez, LLP
            Suite 301, Pacific News Building
            238 Archbishop Flores Street
            Hagåtña, Guam 96910

NOTICE IS HEREBY GIVEN THAT DEFENDANT GUAM SEVENTH-DAY ADVENTIST CLINIC and GUAM-MICRONESIA MISSION ("Defendants") hereby file a Motion to Strike Jury Demand. Defendants do not request oral argument.

DATED: Hagåtña, Guam, June 10, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
MEREDITH SAYRE
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic
and Guam-Micronesia Mission

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV03-00030<br><br>**MOTION TO STRIKE JURY DEMAND** |

## MOTION TO STRIKE JURY DEMAND

Defendant Guam Seventh-Day Adventist Clinic and Guam-Micronesia Mission move to strike Plaintiff Julia B. Emmanuel's jury demand on the basis that she waived her right to a jury trial. Defendant's motion is based on Federal Rules of Civil Procedure 5, 7, 38 and 39, the pertinent laws of this jurisdiction, and the records and files in this case, as discussed in the attached Memorandum of Points and Authorities.

DATED: Hagåtña, Guam, June 10, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
MEREDITH SAYRE
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic
and Guam-Micronesia Mission

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY and DOES 1 through 10,<br><br>　　　　Defendants. | CIVIL CASE NO. CIV03-00030<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE JURY DEMAND** |

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE JURY DEMAND

Under the Federal Rules of Civil Procedure and Ninth Circuit caselaw, Plaintiff Julia B. Emmanuel has waived her right to a jury trial by filing an untimely jury demand.

Plaintiff filed her complaint on August 7, 2003, alleging violations of Title VII of the Civil Rights Act of 1964 against her employer, Defendant Guam Seventh Day Adventist Clinic. She did not demand a jury trial in her Complaint.

Defendant filed its Answer on August 27, 2003.[1] Plaintiff still did not file a jury demand within ten days after the Answer was served. Although neither party had submitted a jury demand, on November 12, 2003, the Court issued a Scheduling Order, prepared by Plaintiff, stating that the trial would be before a jury. Amended scheduling orders, also prepared by Plaintiff, were filed on September 3, 2004, and March 11, 2005, both noting that the trial would be before a jury. More than a year and a half after initially bringing suit, on February 15, 2005, Plaintiff filed a formal jury demand.

---

[1] Defendant did not submit a jury demand along with its Answer.

A demand for a jury trial must be made by serving the demand upon the other parties *not later than ten days* after service of the last pleading directed to such issue, and filing the demand as required by Federal Rule of Civil Procedure 5(d), or by indorsement upon a pleading of a party. Fed. R. Civ. P. 38(b); *see also* Fed. R. Civ. P. 38 advisory committee note ("the claim must be made at once on initial pleading or appearance"). "Pleadings" include a complaint and an answer; a reply to a counterclaim; an answer to a cross-claim; a third-party complaint; and a third-party answer. Fed. R. Civ. P. 7(a).

However, "the failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." Fed. R. Civ. P. 38(d). If a party misses the deadline to file a jury demand, it is then within the Court's discretion to grant a jury trial. Fed. R. Civ. P. 39(b).

However, the Court's discretion to grant a jury trial after a party has waived her right to a jury trial is "***narrow***:" "oversight, inadvertence, [or] inexcusable neglect cannot be grounds for a district court using its discretion to grant a jury trial." *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 477 (9th Cir. 1994) (emphasis added) (internal quotation marks omitted); *see also Pacific Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001) (an "untimely request for a jury trial must be denied unless some cause beyond mere inadvertence is shown").

In this case, Plaintiff has filed an extremely untimely jury demand, eighteen months after the jury demand should have been filed under Rule 38. Plaintiff therefore waived her right to a jury trial.

Moreover, Plaintiff has not offered any reason for filing a jury demand that violates the time requirements imposed by Rule 38. As the Ninth Circuit directs, the Court's limited discretion should not be utilized to excuse Plaintiff's dilatory conduct absent any reason

beyond oversight, inadvertence, or inexcusable neglect. The Court does not have before it any justifications for the untimely jury demand, and exercising its limited discretion would be inappropriate.

In addition, Rule 38 specifically requires that a demand be served within ten days after any pleading, or if indorsed upon a pleading of a party. Fed. R. Civ. P. 38(b). The scheduling orders do not fit the definition of a pleading under Rule 7, and thus the mention of a jury trial in the Court's scheduling orders, prepared by Plaintiff, does not meet the requirements of a pleading under Rule 38.[2]

Furthermore, in strikingly similar circumstances, in *Magyar v. United Fire Ins. Co.*, 811 F.2d 1330, 1331 n.1 (9th Cir. 1987), the Ninth Circuit found the following:

> by waiting until 18 months after [defendant] served its answer to raise the issue, [plaintiffs] failed to comply with Rule 38(b)'s requirement that a jury demand be made in writing within ten days of the final pleading served. By the terms of that rule this was a waiver. We see no merit in appellants' claim that the first pretrial order, in predicting a jury trial of seven to ten days, relieved them of their default. The fact remains that they did not comply with Rule 38(b) and the district judge was well within her discretion in conducting a bench trial.

Similarly, here, Plaintiff waited eighteen months before submitting a formal jury demand. While scheduling orders in this case have noted that a jury trial will be held, as in *Magyar*, such mention does not relieve Plaintiff's failure to comply with Rule 38(b).

By her own conduct, Plaintiff has waived her right to a jury trial by submitting an untimely jury demand. Defendant's Motion to Strike the Jury Demand should be granted and the jury demand should be stricken from the record.

---

[2] *See also Waziullah v. Retail Mgmt. Servs.*, 2000 WL 709492 (S.D.N.Y. 2000) (request for a jury trial in a scheduling order, which did not fit the definition of "pleading" under Rule 7, was untimely). *Waziullah* was decided under Second Circuit law, which, similar to the Ninth Circuit, states that discretion to grant an untimely jury demand is "considerably limited." *Id.*

DATED: Hagåtña, Guam, June 10, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
MEREDITH SAYRE
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic
and Guam-Micronesia Mission

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 10TH day of June, 2005, I will cause to be served, via hand delivery, a true and correct copy of NOTICE OF MOTION; DEFENDANT'S MOTION TO STRIKE JURY DEMAND; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO STRIKE JURY DEMAND; DECLARATION OF SERVICE upon Plaintiff's Counsel of record as follows:

> Peter C. Perez, Esq.
> Lujan, Aguigui & Perez, LLP
> Suite 301, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

Executed this 10th day of June, 2005, at Hagåtña, Guam.

_____
DAVID LEDGER