CARLSMITH BALL LLP

DAVID LEDGER
MEREDITH SAYRE
ELYZE McDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Guam Seventh-Day Adventist Clinic
and Guam-Micronesia Mission



## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY and DOES 1 through 10,<br><br>　　　　　Defendants. | CIVIL CASE NO. CIV03-00030<br><br>**REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE JURY DEMAND; DECLARATION OF SERVICE** |

Plaintiff Julia B. Emmanuel's Opposition to Defendants Guam Seventh-Day Adventist Clinic and Guam Micronesia Mission's Motion to Strike Jury Demand provides no basis upon which the Court should excuse the waiver of her right to a jury trial.

Plaintiff first cited Federal Rule of Civil Procedure 38 which states that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution or as given by a statute of the United States shall be preserved to the parties inviolate." Fed. R. Civ. P. 38(a). Plaintiff, however, fails to address the fact that Rule 38 also requires that a demand to a trial by jury be

made *not later than ten days* after service of the last "pleading," which Rule 7 defines as the complaint and the answer. *See* Fed. R. Civ. P. 7(a), 38(b). Plaintiff admits instead that she did not file the jury demand in a timely fashion as required under Rule 38. *See* Pl.'s Opp. at 1 ("The Plaintiff does not dispute the factual and procedural allegations contained in Defendants' Memorandum of Points and Authorities."). Failure to file a timely jury demand pursuant to the time requirements in Rule 38(b) **"constitutes a waiver by the party of trial by jury**." Fed. R. Civ. P. 38(d) (emphasis added). Plaintiff's untimely jury demand here therefore constitutes a waiver of her right to a jury trial.

Second, Plaintiff argues that Defendant indorsed the jury demand by signing the November 12, 2003 Scheduling Order which indicated that trial was to be by jury. However, as Defendant discusses in its Motion, scheduling orders are not "pleadings" under Rule 7, thus the Scheduling Order does not fall within Rule 38(b)'s requirement that a party may indorse a jury demand a "pleading." In addition, the mention of a jury trial in a scheduling order does not excuse a jury trial waiver. See *Magyar v. United Fire Ins. Co.*, 811 F.2d 1330, 1331 n.1 (9th Cir. 1987), in which the Ninth Circuit found that an eighteen-month delay in filing a jury demand was not excused even when a jury trial was mentioned in a pretrial order. The Court here should follow the Ninth Circuit's finding in *Magyar* that an untimely assertion of a right to a jury waives the right to a jury trial, which is not excused by a mention of a jury trial in a pretrial order.

Finally, Plaintiff asks that the Court acknowledge that Plaintiff now asserts her desire to a trial by jury, despite her untimeliness. Pl.'s Opp. at 1, 2. Plaintiff does not dispute that she served the jury demand untimely, and therefore waived her right to a jury trial. Because she waived her right to a jury trial, the Court can only grant a jury trial using its *narrow* discretion. Fed. R. Civ. P. 39(b); *Craig v. Atlantic Richfield Co.*, 19 F.3d 472, 477 (9th Cir. 1994); *Pacific Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd.*, 239 F.3d 1000, 1002 (9th Cir. 2001). Such

narrow discretion does not allow excusing waiver on the grounds of oversight, inadvertence, or inexcusable neglect. *Id.*

Plaintiff provides no explanation for why she submitted her jury demand eighteen months late. As Plaintiff must provide the Court with a basis for excusing the waiver on narrow grounds other than oversight, inadvertence, or inexcusable neglect, Plaintiff's failure to provide any explanation for her untimeliness means that the Court has no discretion to excuse the waiver. While the right to trial by jury is "inviolate," such right must be asserted pursuant to the requirements imposed by the Federal Rules of Civil Procedure and relevant Ninth Circuit caselaw. The Court should enforce the requirement to file a timely jury demand and follow the mandate of the Ninth Circuit to excuse waiver only upon narrow grounds provided by Plaintiff.

In conclusion, the briefing before the Court on the issue of Plaintiff's jury demand reveals that Plaintiff waived her right to a jury trial by tendering an untimely jury demand, that Defendant did not indorse a jury trial by signing the November 12, 2003 Scheduling Order, which does not constitute a "pleading," and that Plaintiff has failed to provide any basis upon which the Court may exercise its narrow discretion to excuse Plaintiff's waiver. For the foregoing reasons, the Court should grant Defendant's Motion to Strike Plaintiff's Jury Demand and strike the jury demand in this case.

DATED: Hagåtña, Guam, June 29, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE McDONALD
MEREDITH SAYRE
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic
and Guam-Micronesia Mission

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on the 29th day of June 2005, I will cause to be served, via hand delivery, a true and correct copy of REPLY IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE JURY DEMAND; DECLARATION OF SERVICE upon Plaintiff's Counsel of record as follows:

> Peter J. Sablan, Esq.
> Lujan, Unpingco, Aguigui & Perez, LLP
> Suite 301, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

Executed this 29th day of June 2005, at Hagåtña, Guam.

_____
DAVID LEDGER