DISTRICT COURT OF GUAM

TERRITORY OF GUAM

JULIA BORJA EMMANUEL,

Plaintiff,

vs.

GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY, and DOES 1 through 10,

Defendants.

Civil Case No. 03-00030

MEMORANDUM ORDER RE: DEFENDANT'S MOTION TO STRIKE JURY DEMAND

This matter is before the Court on Guam Seventh-Day Adventist Clinic and Guam-Micronesia Mission's (the "defendants") Motion to Strike Jury Demand. Pursuant to Local Civil Rule 7.1(e)(3), this Court will dispense with oral argument and will decide the motion on the submitted briefs.[1] After reviewing the parties' submissions, as well as relevant caselaw and authority, the Court hereby GRANTS the defendant's motion.

## BACKGROUND

On August 7, 2003 Julia Borja Emmanuel ("the plaintiff") filed a Title VII action against the defendants. She did not demand a jury trial in her complaint. Thereafter, the defendants filed their answer on August 27, 2003. The defendants' answer also did not contain a jury demand.

On November 12, 2003, the Court issued a Scheduling Order, prepared by the plaintiff,

---

[1] Local Civ.R. 7.1(e)(3) states "[i]n cases where the parties have requested oral argument, such oral argument may be taken off calendar by Order of the Court, in the discretion of the Court, and a decision rendered on the basis of the written materials on file."

stating that the case was to be tried by a jury. Amended scheduling orders prepared by the plaintiff were filed by the Court on September 3, 2004, and March 11, 2005. They too also stated that the case was to be submitted to a jury. On February 15, 2005, eighteen months after filing her complaint, the plaintiff filed a formal jury demand.

## ANALYSIS

The defendants now contend that the plaintiff has waived her right to a jury trial. Rule 38(b) of the Federal Rules of Civil Procedure states:

> Any party may demand a trial by jury of any issue triable of right by a jury by (1) serving upon the other parties a demand thereof in writing at any time after the commencement of the action and not later than 10 days after the service of the last pleading directed to such issue, and (2) filing the demand as required by Rule 5(d). Such demand may be indorsed upon a pleading of the party.

Subsection (d) of Rule 38 further provides that "[t]he failure of a party to serve and file a demand as required by this rule constitutes a waiver by the party of trial by jury." FED. R. CIV. P. 38(d). As noted above, the last pleading[2] was the defendants' answer filed on August 27, 2003. Therefore, to have been timely, the plaintiff would have had to have made a demand for a jury trial by September 11, 2003.

In this instance, the plaintiff claims that she preserved her right to a jury demand because the defendants' attorney signed the approved scheduling order on November 12, 2003, which stated that the trial is to be by jury. However, the plaintiff is mistaken. The assertion of the right to a jury trial in a scheduling order does not relieve the plaintiff of her default to file a formal request for a jury. *See Magyar v. United Fire Ins. Co.,* 811 F.2d 1330, 1331, n.1 (9th Cir. 1987) (Ninth Circuit found that an eighteen-month delay in filing a jury demand was not excused even though a pretrial order stated that the case was to be tried by a jury). The Court therefore finds the plaintiff has waived her right to a jury demand.

The plaintiff seemingly requests that in the event the Court finds a waiver, the Court

---

[2] Pursuant to FED. R. CIV. P. 7 "pleadings" refer to a complaint and an answer; a reply to a counterclaim; an answer to a cross-claim; a third-party complaint; and a third-party answer. FED. R. CIV. P. 7(a).

should then exercise its discretion to allow for a jury trial despite her untimely demand. However, the plaintiff has failed to provide any reason justifying why this Court should exercise its discretion under FED. R. CIV. P. 39(b) to excuse her waiver. Rule 39(b) provides that "notwithstanding the failure of a party to demand a jury in an action in which such a demand might have been made of right, the court in its discretion upon motion may order a trial by a jury of any or all issues." FED. R. CIV. P. 39(b). Such discretion to grant a jury trial after a party has waived a right to a jury trial is "narrow." *See Craig v. Atlantic Richfield Co.,* 19 F.3d 472, 477 (9th Cir. 1994) (failure to make a timely demand is not excused by "oversight, inadvertence, [or] inexcusable neglect."). Because the plaintiff has failed to provide an explanation for why she submitted a jury demand eighteen months late, the Court finds no basis to excuse the waiver. Accordingly, the defendants are entitled to the relief sought.

## CONCLUSION

Based upon the foregoing, the Court finds that the plaintiff has waived her right to demand a jury trial. Accordingly, the Defendant's Motion to Strike Plaintiff's Jury Demand is hereby GRANTED.

SO ORDERED this 5th day of July, 2005.

District Judge Robert M. Takasugi*
United States District Judge

Notice is hereby given that this document was entered on the docket on JUL 0 6 2005. No separate notice of entry on the docket will be issued by this Court.
Mary L. M. Moran
Clerk, District Court of Guam
JUL 0 6 2005
By: Deputy Clerk    Date

---

*The Honorable Robert M. Takasugi, United States Senior District Judge for the Central District of California, by designation.