LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiff Julia Borja Emmanuel*

FILED
DISTRICT COURT OF GUAM

NOV - 8 2005

MARY L.M. MORAN
CLERK OF COURT

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>Plaintiff,<br><br>-vs-<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 03-00030<br><br><br>**PLAINTIFF'S TRIAL BRIEF** |

As required by the Order filed on August 18, 2005 and Local Rule 16.7(b), Plaintiff Julia Borja Emmanuel ("Mrs. Emmanuel") files the following trial brief:

**A.     FACTUAL CONTENTION**

**(i)     The Parties:**

a.     Julia Borja Emmanuel, Employee is a Chamorro woman born and raised on Guam, employed with the Guam Seventh-Day Adventist Clinic continuously since December 17, 1990. She was promoted as the Director of Human Resources in September 1992 and held that position until September 1, 2003, when she was demoted to Human Resources Manager, which is the adverse action that initiated this civil rights complaint. She is married to Mr. Eduardo O. Emmanuel. Mr. Emmanuel ran a cleaning service and was contracted with Guam Seventh-Day

Page 1 of 7
Julia Borja Emmanuel v. Guam Seventh-Day Adventist et al.
Civil Case No. CIV03-00030
Plaintiff's Trial Brief

ORIGINAL

Case 1:03-cv-00030    Document 47    Filed 11/08/2005    Page 1 of 7

Adventist Clinic in general janitorial services. Mr. Emmanuel suffered loss of his business contract as a result of this litigation. Both Mr. and Mrs. Emmanuel are "Elders" in the Guam Seventh-Day Adventist Church.

        b.      Defendant Guam Seventh-Day Adventist Clinic, employer, ("SDA"), is a non-profit health clinic that employs over 200 employees and is owned by Defendant Guam Micronesia Mission. SDA has an Administrative Counsel which ratified the intentional discrimination taken against Mrs. Emmanuel, in violation of her civil rights.

        c.      Defendant Guam-Micronesia Mission, employer, ("Mission"), is an organization that operates SDA and, in total, employs over 250 employees. The Mission has a Board of Directors which ratified the intentional discrimination taken against Mrs. Emmanuel, in violation of her civil rights.

        d.      Michael Mahoney, a white man, at the time of the discrimination was the Administrator of SDA and the direct supervisor of Mrs. Emmanuel since February 2001. He was in charge of the day to day operations of SDA. He was the Chair of the Administrative Counsel of SDA which reports to the Board of Directors of the Guam Micronesia Mission. Mr. Mahoney ran a vigorous campaign against Mrs. Emmanuel, intentionally discriminating against her because of her race and/or sex. He rallied the charge against Mrs. Emmanuel which eventually led to her demotion, salary decrease, and major decrease in her compensation package.

    (ii)    **Facts of Discrimination:**

Mrs. Emmanuel intends to present the following as evidence in support of her allegation of employment discrimination. Mrs. Emmanuel was employed with SDA since 1990. She was promoted to the position of Director of Human Resources ("Director") in 1992. She held that position for eleven years. She had no employment disciplinary actions while she held the

Page 2 of 7
Julia Borja Emmanuel v. Guam Seventh-Day Adventist et al.
Civil Case No. CIV03-00030
Plaintiff's Trial Brief

Case 1:03-cv-00030   Document 47   Filed 11/08/2005   Page 2 of 7

position of Director. She was an excellent Director and she never received a performance evaluation. She received all of her normal increments while she held the position as Director. In that position Mrs. Emmanuel received a salary and a compensation package equivalent to an off-island hired employee, inter-divisional employee ("IDE"). She received a benefits package which was superior to that of a locally hired employee. This package was as a result of the employment contract she entered into with SDA when she was promoted to the Director position.

In 2001, Mr. Mahoney was hired as the Administrator of SDA. During the time Mr. Mahoney was the Administrator until the time Mrs. Emmanuel was demoted, he ran a vigorous campaign against local (Chamorro or Filipino) employees which held administrative positions. Some of the local administrators have resigned or were demoted. Among others, in 2003, Mrs. Emmanuel was one of the administrators demoted. Mr. Mahoney rallied the Administrative Counsel of SDA and they approved the adverse action taken against Mrs. Emmanuel. Mr. Mahoney was on a mission to ensure that all the non-IDE individuals be ripped of their administrative status and their compensation package reduced to what all the local hires receive. He intentionally discriminated against Mrs. Emmanuel because she was a Chamorro from Guam and/or because she is female. Her demotion consisted of a very minimal salary pay cut and a severe decrease in her total compensation package. Mrs. Emmanuel's title was changed from Director to Human Resources Manager; however, her duties remained the same.

Mrs. Emmanuel subsequently filed this lawsuit. As a result of the demotion and adverse action taken against Mrs. Emmanuel she has suffered emotionally as well as financially. She is currently on administrative leave and is receiving the salary of her demoted position and the compensation package that comes with the new title. Mr. Emmanuel has lost the janitorial contract he had with SDA. The positions that both Mr. and Mrs. Emmanuel had held with SDA

Page 3 of 7
Julia Borja Emmanuel v. Guam Seventh-Day Adventist et al.
Civil Case No. CIV03-00030
Plaintiff's Trial Brief

Case 1:03-cv-00030   Document 47   Filed 11/08/2005   Page 3 of 7

church has been compromised and they are currently feeling the pain and suffering of the intentional discrimination.

B. **LEGAL BRIEF**

(i) **Issue of Law**

Under Title VII, the Civil Rights Act of 1964 protects class of people from intentional discrimination from employers. 42 U.S.C.A. § 2000e, et seq. (West 2005). Title VII prohibits employment discrimination on the basis of race, color, sex, religion and national origin. 42 U.S.C.A. § 2000e-2(a)(1) and (2) (West 2005). A plaintiff may bring an action against an employer under a disparate treatment and/or disparate impact theory. Frangante v. City and County of Honolulu, 888 F.2d 591 (9th Cir. 1989). Here, Mrs. Emmanuel's action is brought under the disparate treatment theory.

"In disparate treatment cases, the employer is normally alleged to have 'treat[ed] a person less favorably than others because of the person's race, color, religion, sex, or national origin....'" Id. at 594. (quoting *International Brotherhood of Teamsters v. United States*, 431 U.S. 324, 335 n. 15, 97 S.Ct. 1843, 1854 n. 15, 52 L.Ed.2d 396 (1977)).

The employee has the initial burden of proving by a preponderance of the evidence a prima facie case of discrimination. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).

In St. Mary's Honor Center v. Hicks, 509 U.S. 502, 113 S.Ct. 2742, 125 L.Ed.2d 407 (1993), the Court clarified the McDonnell Douglas burden-shifting framework. In Hicks, *supra*, the Court held that under McDonnell Douglas, once the employee establishes by the preponderance of the evidence, a prima facie case of discrimination, a presumption arises that employer unlawfully discriminated against employee, requiring judgment in employees favor

Page 4 of 7
Julia Borja Emmanuel v. Guam Seventh-Day Adventist et al.
Civil Case No. CIV03-00030
Plaintiff's Trial Brief

Case 1:03-cv-00030   Document 47   Filed 11/08/2005   Page 4 of 7

unless the employer comes forward with an explanation. The Court continued by stating that the employer thus has the burden of production of introducing evidence of legitimate and nondiscriminatory reasons for their actions against employee.

The Court reaffirmed "that at that point the shifted burden of production became irrelevant: 'If the defendant carries this burden of production, the presumption raised by the prima facie case is rebutted,' and 'drops from the case,'" Id. at 507 (quoting *Burdine*, 450 U.S., at 255, 101 S.Ct., at 1094-1095). The Court stated that the employee then has "'the full and fair opportunity to demonstrate,' through presentation of his own case and through cross-examination of the defendant's witnesses, 'that the proffered reason was not the true reason for the employment decision,'" Id., at 508. The Court further stated that the employee has the ultimate burden of persuading the trier of fact that race was the determining factor in the adverse action taken against employee, any reason raised by employer was a pretext, and that the employee has been the victim of intentional discrimination.

The Plaintiff has the initial burden of establishing a prima facie case. In Peterson v. Hewlett-Packard Co., 358 F.3d 599 (9th Cir. 2004), the court analyzed a case involving disparate treatment using the McDonnel Douglas burdens shifting frame work. Under that approach, the court laid out that the plaintiff must establish a prima facie case by showing that "(1) he is a member of a protected class; (2) he was qualified for his position; (3) he experienced an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." Id. at 603.

Here, Mrs. Emmanuel will be able to satisfy the requirement to establish a prima facie case of employment discrimination. She will prove that her race is "Chamorro from Guam" and

---

Page 5 of 7

Julia Borja Emmanuel v. Guam Seventh-Day Adventist et al.
Civil Case No. CIV03-00030
Plaintiff's Trial Brief

Case 1:03-cv-00030   Document 47   Filed 11/08/2005   Page 5 of 7

"female", both a protected class. Mrs. Emmanuel will prove that she was qualified for the position of Director. Mrs. Emmanuel held the same position for 11 years. She had no employment disciplinary actions and she never received an evaluation or any type of negative evaluation, while she held the position. Mrs. Emmanuel is definitely qualified for her position, if not the most qualified. Finally, Mrs. Emmanuel will prove that other individuals, not from Guam and mostly white, in the administrative positions, other than those discriminated against, were treated more favorably. Mrs. Emmanuel will show that other employees that are white or not from Guam kept their compensation package and were not demoted or reclassified.

In addition, Mrs. Emmanuel will show that any proffered reason given by SDA will be shown as a pretext to the intentional discrimination against her. Mrs. Emmanuel will show that she was a good employee and that any reason given about her job performance is simply untrue. Mrs. Emmanuel will show that any financial reasons given by SDA are purely a pretext and obviously contrived. Mrs. Emmanuel will carry her burden and show this Court that she was intentionally discriminated against because of her sex, race, or national origin.

(ii) **Evidentiary Problems**

Mrs. Emmanuel does not foresee any evidentiary problems.

(iii) **Damages**

Mrs. Emmanuel will show that she is entitled to reinstatement, back pay with interest, front pay, compensatory damages, and punitive damages, as allowed under federal law and case law. 42 U.S.C.A. § 1981(a)(1) (West 2005) and 42 U.S.C.A. 2000e et seq.

C. **ATTORNEY'S FEES**

Mrs. Emmanuel is requesting attorney's fees and costs, as allowed. 42 U.S.C.A. § 2000e 5 (k) (West 2005). She will provide the necessary amount once the case is complete.

Page 6 of 7
Julia Borja Emmanuel v. Guam Seventh-Day Adventist et al.
Civil Case No. CIV03-00030
Plaintiff's Trial Brief

Case 1:03-cv-00030   Document 47   Filed 11/08/2005   Page 6 of 7

D.  **ABANDONMENT OF ISSUES**

Mrs. Emmanuel does not foresee any abandonment of issues.

F.  **CONCLUSION**

For the reasons stated, Mrs. Emmanuel requests a judgment against Defendants, damages, costs, and attorney's fees.

Dated this 8th day of November, 2005.

LUJAN, UNPINGCO, AGUIGUI & PEREZ LLP

By:_____
DAVID J. LUJAN, ESQ.
PETER J. SABLAN, ESQ.
*Attorneys for Plaintiff Julie Borja Emmanuel*

Page 7 of 7
Julia Borja Emmanuel v. Guam Seventh-Day Adventist et al.
Civil Case No. CIV03-00030
Plaintiff's Trial Brief

Case 1:03-cv-00030    Document 47    Filed 11/08/2005    Page 7 of 7