ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Guam Seventh-day Adventist Clinic,
Guam-Micronesia Mission



FILED
DISTRICT COURT OF GUAM
NOV 22 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>        Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY, and DOES 1 through 10,<br><br>        Defendants. | CIVIL CASE NO. CIV03-00030<br><br>**DEFENDANTS' DISCOVERY MATERIAL DESIGNATIONS; DECLARATION OF SERVICE** |

COMES NOW, Defendants Guam Seventh-Day Adventist Clinic and Guam-Micronesia Mission (hereinafter "Defendants"), through its attorney of record, and hereby submits its Discovery Material Designations as follows which Defendants exchanged with Plaintiff thirty days prior to Trial pursuant to Federal Rule of Civil Procedure 26(a)(3)(B).

I.    **DISCOVERY MATERIAL DESIGNATIONS**

Defendant designates the following discovery responses:

    1.    Response to Request to Produce No. 14

2. Response to Interrogatory No. 14

DATED: Hagåtña, Guam, November 22, 2005.

CARLSMITH BALL LLP

*/s/ Elyze McDonald*

DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic,
Guam-Micronesia Mission, and
Michael Mahoney

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on November 22, 2005, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANTS' DISCOVERY MATERIAL DESIGNATIONS upon Plaintiff's Counsel of record as follows:

> Peter J. Sablan, Esq.
> Lujan, Aguigui & Perez, LLP
> Suite 301, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

Executed this 22nd day of November 2005 at Hagåtña, Guam.

_____
ELYZE MCDONALD

Defendants. To the extent that I have copies or notes relating to any subject mentioned in this request, they are being produced herein.

REQUEST TO PRODUCE NO. 13: Any and all documents, including diaries, notebooks, notes, and calendars, that you kept, wrote, or maintained during your employment with Defendant SDA Clinic that refer or relate in any way to employment decisions concerning any person previously or currently employed by SDA Clinic.

Response to Request To Produce No. 13:

See Response to Request to Produce No. 12. I do not have documents which relate to other persons at SDA. I am knowledgeable about the cases since I became HR Director.

REQUEST TO PRODUCE NO. 14: Any and all documents that relate to any counseling, treatment, in-patient care, rehabilitation, therapy, or medication with regard to the alleged Emotional Distress suffered by you including but not limited to medical bills, diagnosis or prognosis reports, medical prescriptions, treatment or therapy schedules, and diaries, notes and memoranda.

Response to Request To Produce No. 14:

I am not being treated medically for any Emotional Distress.

REQUEST TO PRODUCE NO. 15: Any and all documents that relate to any psychiatric or psychological treatment, assistance, or counseling that you have sought or received at any time during your lifetime.

Response to Request To Produce No. 15:

Not applicable.

REQUEST TO PRODUCE NO. 16: Any and all documents that relate to any medical treatment, assistance or counseling (other than psychiatric or psychological) that you sought or received since you first began employment at SDA Clinic to the present.

Response to Request To Produce No. 16:

Objection. Medical treatment I sought or received since I first began employment at SDA

*Julie Borja Emmanuel vs. Guam Seventh-day Adventist Clinic et al.*
*Civil Case No. CV 03-00030*
*Plaintiff's Response to Defendant's First Request for Documents*
-8-

| | | |
|---|---|---|
| 1999 | 58,704.67 | 43,263.91 |
| 2000 | 85,712.32 | 66,281.59 |
| 2001 | 80,783.93 | 61,732.18 |
| 2002 | 81,727.00 | 61,470.17 |

INTERROGATORY NO. 13: Have you kept any diary or any other written record pertaining to any matter for which you seek damages in this lawsuit?

    a. If your answer is "yes," describe each written record and state in whose possession it presently is kept.

Response to Interrogatory No. 13:

Not exclusively for this matter. I do keep journals and I have some notes in my possession.

INTERROGATORY NO. 14: Describe all hospital, medical and miscellaneous expenses allegedly incurred by you as a result of the Emotional Distress, including the name of each doctor or treating facility, the inclusive dates of treatment, a description of treatment and the cost of treatment.

Response to Interrogatory No. 14:

I am not being treated medically for any Emotional Distress. As a result of my Emotional Distress, I sought the assistance of my attorney and I rely on my faith.

INTERROGATORY NO. 15: State the nature and amount of all future expenses you anticipate will be incurred as a result of the Emotional Distress and describe the method you used to calculate the amount arrived at.

Response to Interrogatory No. 15:

I have no way of knowing the extent of my Emotional Distress in the future, based on the current situation. If the intensity of the harassment from the clinic members and employees escalates, then I may seek professional medical treatment.

*Emmanuel v. Emmanuel*
*DM 0641-03 and DM 0645-03*
*Julie Emmanuel's Response To First Set of Interrogatories*