ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Guam Seventh-day Adventist Clinic,
Guam-Micronesia Mission



FILED
DISTRICT COURT OF GUAM
NOV 29 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY, and DOES 1 through 10,<br><br>　　　　　Defendants. | CIVIL CASE NO. CIV03-00030<br><br>DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF'S PSYCHOLOGICAL TREATMENT; DECLARATION OF ELYZE MCDONALD; EXHIBITS A & B; DECLARATION OF SERVICE |

I.   **INTRODUCTION**

Defendant Guam Seventh-Day Adventist Clinic and Guam-Micronesia Mission hereby moves the Court *in limine* for an Order to Exclude Evidence Relating to Plaintiff's Psychological Treatment. Though Defendant served interrogatories seeking discovery on this particular subject, Plaintiff denied having sought such medical care and never supplemented her discovery responses relating to medical and/or psychological treatment received in connection with this case. Plaintiff is therefore precluded from introducing such evidence under Federal Rule of Civil Procedure 37.

## II. FACTUAL BACKGROUND

Defendants served Plaintiff with multiple discovery requests relating to medical and/or psychological treatment received by Plaintiff. Plaintiff disclosed that she was not receiving any such treatment:

> REQUEST TO PRODUCE NO. 14: Any and all documents that relate to any counseling, treatment, in-patient care, rehabilitation, therapy, or medication with regard to the alleged Emotional Distress suffered by you including but not limited to medical bills, diagnosis or prognosis reports, medical prescriptions, treatment or therapy schedules, and diaries, notes and memoranda.
>
> Response to Request to Produce No. 14:
>
> I am not being treated medically for any Emotional Distress.
>
> …
>
> INTERROGATORY NO. 4: With respect to your allegations, contained in paragraph No. 2 of the Prayer of the Complaint, that Defendants have caused you to sustain Emotional Distress:
>
> a. State the precise Onset Date of the first Emotional Distress allegedly caused by Defendants;
>
> b. Describe in detail with maximum particularly and specificity, each and every symptom of said emotional distress; and
>
> c. State the inclusive dates of treatment, preliminary and final diagnoses, and prognosis, and names of all health care providers rendering treatment.
>
> Response to Interrogatory No. 4:
>
> 1. The onset is difficult to pinpoint, but when I was told that I did not need a housing allowance because I am local, that I did not need a car allowance because I am local, that locals do not need time off the same as off-island hires do. The most distressing was when my position was obliterated by the public board meeting; and continuing to this date.
>
> 2. I am emotionally distraught, have been publicly humiliated by the clinic and member of the board council, am anxious, have anxiety when I go to the clinic for routine health

care or dental care and have to bear the employees asking me "whether I am going to sue them." I suffer anxiety when I go to church to worship when I am sneered at and comments are made about me and the lawsuit, which is not something I have discussed with anyone. I have been ostracized by the church members and council members and my husband lost his contract with the clinic as retaliation against me.

    3.    I have not sought formal treatment for anxiety or emotional distress.

...

INTERROGATORY NO. 14: Describe all hospital, medical and miscellaneous expenses allegedly incurred by you as a result of the Emotional Distress, including the name of each doctor treating facility, the inclusive dates of treatment, a description of treatment and the cost of treatment.

Response to Interrogatory No. 14:

    I am not being treated medically for any Emotional Distress. As a result of my Emotional Distress I sought the assistance of my attorney and I rely on my faith.

Exs. A, B.

Plaintiff never timely supplemented her discovery responses with medical reports or bills, or disclosed the name of any therapist until making pretrial disclosures of witnesses and exhibits thirty days before trial.

Plaintiff now intends to call Dr. Pamina Hofer, a neuropsychologist, to testify regarding psychological sessions and treatment. *See* Pl.'s Witness List. Plaintiff has also included exhibits in her Exhibit List that relate to psychological treatment received from Dr. Hofer. *See* Pl.'s Exs. 76-85. These exhibits were never disclosed during discovery as responsive to Defendants' discovery requests.

/ / /

/ / /

/ / /

4840-0175-9488.1.037391-00004    3.
Case 1:03-cv-00030   Document 63   Filed 11/29/2005   Page 3 of 11

## III. PLAINTIFF DID NOT DISCLOSE ANY INFORMATION RELATED TO PSYCHOLOGICAL TREATMENT DURING DISCOVERY, AND THEREFORE CANNOT PRESENT EVIDENCE OF SUCH TREATMENT DURING TRIAL

The basic purpose of discovery is to take the "game" element out of trial preparation by enabling parties to obtain the evidence necessary to evaluate and resolve their dispute beforehand. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

When a party knows or should know that her discovery responses are in some material respect incomplete or incorrect, the party then has a duty to supplement those responses. Fed. R. Civ. P. 26(e). A party who, "without substantial justification" fails to amend a prior response to discovery as required by Rule 26(e), may be barred from using the evidence or witness not so disclosed at trial, unless such failure is harmless. Fed. R. Civ. P. 37(c)(1). There are therefore two express exceptions to the automatic sanctions mandated by Rule 37(c)(1): the information may be introduced if the failure to disclose the information is (1) substantially justified or (2) harmless. Fed. R. Civ. P. 37(c)(1). The burden of proving the applicability of one of the exceptions is on the offending party. *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir.2001).

Plaintiff's failure to supplement her discovery responses and disclose information relating to treatment with Dr. Hofer severely prejudices Defendants. At a minimum, Defendants would have needed to depose Dr. Hofer in order to test her theories and opinions, all essential to prepare to question her at trial. Moreover, Defendants have also been deprived of any opportunity to obtain an independent medical analysis of Dr. Hofer's theories and opinions and Plaintiff's condition, and to otherwise consult with a medical professional regarding Dr. Hofer's analysis. Defendants will be unable to depose Dr. Hofer, consult another neuropsychologist, or obtain an independent medical evaluation within this one week prior to trial. In short, Plaintiff made sure that Defendant, would be deprived of any opportunity to prepare to cross-examine Dr.

Hofer. Accordingly, Plaintiff's error is not harmless and evidence relating to Plaintiff's medical and/or psychological treatment must be precluded at trial. *See id.* (precluding expert testimony disclosed one month prior to trial).

Moreover, Plaintiff cannot prove that she has a substantial justification for her failure to disclose information relating to her psychological treatment. Plaintiff's Exhibit 77 states that Dr. Hofer has been treating Plaintiff since August 2004. Defendants' initial discovery requests on this subject were served in January, 2004. Plaintiff therefore had over a year to advise Defendants that she intended to call Dr. Hofer as a witness in this case and will introduce her medical analysis at trial. Plaintiff failed to do so, and cannot provide any, let alone a substantial, justification for the omission.

## IV. CONCLUSION

Plaintiff cannot demonstrate that her failure to supplement her discovery response is harmless, or that the failure is substantially justified. As Plaintiff did not advise Defendants of her intention to call Dr. Hofer at trial or to introduce Dr. Hofer's medical analysis in this case, the Court should exclude all evidence relating to Plaintiff's treatment under Dr. Hofer's care.

DATED: Hagåtña, Guam, November 29, 2005.

CARLSMITH BALL LLP

*/s/ Elyze McDonald*
DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic,
Guam-Micronesia Mission, and
Michael Mahoney

# DECLARATION OF ELYZE MCDONALD

I, ELYZE MCDONALD, hereby declare:

1. I have personal knowledge of the matters stated herein and would be competent to testify to them if called to do so.

2. I am an attorney with the law firm of Carlsmith Ball LLP and represent Defendant Guam Seventh-Day Adventist Clinic and Guam-Micronesia Mission in this case.

3. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Response to Defendants' Request for Production No. 14.

4. Attached hereto as Exhibit B is a true and correct copy of Plaintiff's Response to Defendants' Interrogatory Nos. 4 and 14.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of November, 2005.

_____
ELYZE MCDONALD

## **DECLARATION OF SERVICE**

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on November 29, 2005, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE RELATING TO PLAINTIFF'S PSYCHOLOGICAL TREATMENT; DECLARATION OF ELYZE MCDONALD; EXHIBITS A & B upon Plaintiff's Counsel of record as follows:

>Peter J. Sablan, Esq.
>Lujan, Aguigui & Perez, LLP
>Suite 301, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

Executed this 29th day of November 2005 at Hagåtña, Guam.

_____
ELYZE MCDONALD

Defendants. To the extent that I have copies or notes relating to any subject mentioned in this request, they are being produced herein.

REQUEST TO PRODUCE NO. 13: Any and all documents, including diaries, notebooks, notes, and calendars, that you kept, wrote, or maintained during your employment with Defendant SDA Clinic that refer or relate in any way to employment decisions concerning any person previously or currently employed by SDA Clinic.

Response to Request To Produce No. 13:

See Response to Request to Produce No. 12. I do not have documents which relate to other persons at SDA. I am knowledgeable about the cases since I became HR Director.

REQUEST TO PRODUCE NO. 14: Any and all documents that relate to any counseling, treatment, in-patient care, rehabilitation, therapy, or medication with regard to the alleged Emotional Distress suffered by you including but not limited to medical bills, diagnosis or prognosis reports, medical prescriptions, treatment or therapy schedules, and diaries, notes and memoranda.

Response to Request To Produce No. 14:

I am not being treated medically for any Emotional Distress.

REQUEST TO PRODUCE NO. 15: Any and all documents that relate to any psychiatric or psychological treatment, assistance, or counseling that you have sought or received at any time during your lifetime.

Response to Request To Produce No. 15:

Not applicable.

REQUEST TO PRODUCE NO. 16: Any and all documents that relate to any medical treatment, assistance or counseling (other than psychiatric or psychological) that you sought or received since you first began employment at SDA Clinic to the present.

Response to Request To Produce No. 16:

Objection. Medical treatment I sought or received since I first began employment at SDA

*Julie Borja Emmanuel vs. Guam Seventh-day Adventist Clinic et al.*
*Civil Case No. CV 03-00030*
*Plaintiff's Response to Defendant's First Request for Documents*
-8-

Case 1:03-cv-00030   Document 63   Filed 11/29/2005   Page 8 of 11

EXHIBIT A

b. Most of the discussions were regarding disparate treatment of me as compared to persons who were off island hires.

INTERROGATORY NO. 4: With respect to your allegations, contained in paragraph No. 2 of the Prayer of the Complaint, that Defendants have caused you to sustain Emotional Distress:

 a. State the precise Onset Date of the first Emotional Distress allegedly caused by Defendants;

 b. Describe in detail with maximum particularity and specificity, each and every symptom of said emotional distress; and

 c. State the inclusive dates of treatment, preliminary and final diagnoses, and prognosis, and names of all health care providers rendering treatment.

Response to Interrogatory No. 4:

 1. The onset is difficult to pinpoint, but when I was told that I did not need a housing allowance because I am local, that I did not need a car allowance because I am local, that locals do not need time off the same as off-island hires do. The most distressing was when my position was obliterated by the public board meeting; and continuing to this date.

 2. I am emotionally distraught, have been publicly humiliated by the clinic and members of the board council, am anxious, have anxiety when I go to the clinic for routine health care or dental care and have to bear the employees asking me "whether I am going to sue them." I suffer anxiety when I go to church to worship when I am sneered at and comments are made about me and the lawsuit, which is not something I have discussed with anyone. I have been ostracized by the church members and council members and my husband lost his contract with the clinic as retaliation against me.

*Emmanuel v. Emmanuel*
*DM 0641-03 and DM 0645-03*
*Julie Emmanuel's Response To First Set of Interrogatories*

-6-

**EXHIBIT B**

3. I have not sought formal treatment for anxiety or emotional distress.

**INTERROGATORY NO. 5:** Were you suffering from any sickness, disease, injury, disability, handicap or other condition which affected your physical, mental or emotional health prior to the Onset Date?

**Response to Interrogatory No. 5:**

No.

**INTERROGATORY NO. 6:** Identify each and every physician, psychiatrist, psychologist, chiropractor, therapist, osteopath, other medical care provider or facility by whom you have been examined or treated, or whom you have consulted at any time since the Onset Date for any purpose.

**Response to Interrogatory No. 6:**

Janet Nightengale, Guam Seventh-Day Adventist Clinic

**INTERROGATORY NO. 7:** State when you last had a physical examination prior to the Onset Date, and provide the name and address of the doctor, other medical care provider or facility which conducted the examination.

**Response to Interrogatory No. 7:**

April, 2003. Dr. Janet Nightengale, Guam Seventh-Day Adventist Clinic.

**INTERROGATORY NO. 8:** Have you ever been rejected in connection with any application for insurance or employment for any reason related to your physical, mental or emotional health?

**Response to Interrogatory No. 8:**

No.

**INTERROGATORY NO. 9:** If you allege that you are still suffering from any effects of the Emotional Distress, describe the symptoms, complaints or other disabilities you claim in connection with the Emotional Distress, identify the type of treatment you are receiving, and provide the name and address of each person or entity which is providing treatment.

*Emmanuel v. Emmanuel*
*DM 0641-03 and DM 0645-03*
*Julie Emmanuel's Response To First Set of Interrogatories*

| | | |
|---|---|---|
| 1999 | 58,704.67 | 43,263.91 |
| 2000 | 85,712.32 | 66,281.59 |
| 2001 | 80,783.93 | 61,732.18 |
| 2002 | 81,727.00 | 61,470.17 |

INTERROGATORY NO. 13: Have you kept any diary or any other written record pertaining to any matter for which you seek damages in this lawsuit?

    a. If your answer is "yes," describe each written record and state in whose possession it presently is kept.

Response to Interrogatory No. 13:

Not exclusively for this matter. I do keep journals and I have some notes in my possession.

INTERROGATORY NO. 14: Describe all hospital, medical and miscellaneous expenses allegedly incurred by you as a result of the Emotional Distress, including the name of each doctor or treating facility, the inclusive dates of treatment, a description of treatment and the cost of treatment.

Response to Interrogatory No. 14:

I am not being treated medically for any Emotional Distress. As a result of my Emotional Distress, I sought the assistance of my attorney and I rely on my faith.

INTERROGATORY NO. 15: State the nature and amount of all future expenses you anticipate will be incurred as a result of the Emotional Distress and describe the method you used to calculate the amount arrived at.

Response to Interrogatory No. 15:

I have no way of knowing the extent of my Emotional Distress in the future, based on the current situation. If the intensity of the harassment from the clinic members and employees escalates, then I may seek professional medical treatment.

*Emmanuel v. Emmanuel*
*DM 0641-03 and DM 0645-03*
*Julie Emmanuel's Response To First Set of Interrogatories*