LUJAN AGUIGUI & PEREZ LLP
Attorneys at Law
Pacific News Building, Suite 300
238 Archbishop Flores Street
Hagåtña, Guam 96910
Telephone (671) 477-8064/5
Facsimile (671) 477-5297

*Attorneys for Plaintiff Julia Borja Emmanuel*

FILED
DISTRICT COURT OF GUAM
NOV 29 2005
MARY L.M. MORAN
CLERK OF COURT

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>Plaintiff,<br><br>-vs-<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. 03-00030<br><br>**PRETRIAL ORDER** |

Following pretrial proceedings, pursuant to Rule 16, Federal Rules of Civil Procedure and Local Rule 16.7

IT IS ORDERED:

1. (a) This is an action to secure the protection of and redress deprivations of rights, and to provide relief against racial, national origin, and sex discrimination in employment.

   (b) The parties are:

   i. Plaintiff Julia Borja Emmanuel,

   ii. Defendant Guam Seventh-Day Adventist Clinic, and

Page 1 of 5
Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic et al.
Civil Case No. CV03-00030
Pretrial Order

ORIGINAL

Case 1:03-cv-00030   Document 65   Filed 11/29/2005   Page 1 of 5

     iii.  Defendant Guam-Micronesia Mission.

  Each of these parties has been served and has appeared. Summary Judgment on all claims granted in favor of Defendant Michael Mahoney. All other parties identified only as DOES 1 through 10 are now dismissed.

  (c)  The pleadings which raise the issues are:

    i.  The Complaint filed on August 7, 2003.

    ii.  The Answer to Complaint filed on August 27, 2003.

2. Jurisdiction and venue are invoked upon the grounds:

  This Court has jurisdiction pursuant to 42 USC §2000e and 5(f) and 28 USC §1343(4). Plaintiff Julia Borja Emmanuel is a citizen of the United States and a resident of Guam and makes her civil rights claim under the Title VII of the Civil Rights Act of 1964, which makes this claim a federal issue. All acts of employment discrimination alleged in the complaint are alleged to have occurred on Guam by Defendant Guam Seventh Day Adventist Clinic and Defendant Guam-Micronesia Mission. Defendants denied jurisdiction in their Answer to Complaint filed August 27, 2003.

3. The following facts are admitted and require no proof:

  (a)  Plaintiff is a United States citizen and a resident of Guam.

  (b)  Defendant Guam Seventh Day Adventist Clinic is a non-profit medical clinic with is principal place of business in Guam under the control of a Board of Directors.

  (c)  Michael Mahoney was the Defendant Clinic's Administrator in charge of the day to day operations of the Defendant Clinic and sat as the Chair of the Administrative Council which reports to the Board of Directors.

Page 2 of 5
Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic et al.
Civil Case No. CV03-00030
Pretrial Order

Case 1:03-cv-00030 Document 65 Filed 11/29/2005 Page 2 of 5

(d)     Plaintiff Julia Borja Emmanuel was the Human Resources Director for Defendant Clinic in Guam at all relevant times.

(e)     During the course of Plaintiff Emmanuel's employment with Defendant Clinic, she came under the supervision of Michael Mahoney in his capacity as Administrator and as Chairperson of the Administrative Council.

4.  The reservations as to the facts recited in Paragraph 3, above, are as follows:

None.

5.  The following facts, though not admitted, are not to be contested at the trial by evidence to the contrary:

No facts have been stipulated, other than what has been admitted in Defendants' Answer to Complaint filed on August 27, 2003.

6.  The following issues of facts, and no others, remain to be litigated at the trial:

(a)     Whether Plaintiff Emmanuel was a member of a protected class;

(b)     Whether Plaintiff Emmanuel was qualified for her position;

(c)     Whether Plaintiff Emmanuel experienced an adverse employment action.

(d)     Whether similarly situated individuals outside of her protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination.

(e)     Should Plaintiff sustain her burden of production on § 6(a) through (d), *supra*, whether a legitimate and non-discriminatory reason exists for Defendants' actions against Plaintiff.

(f)     Should Defendants sustain their burden of production on § 6(e), *supra*, whether race or sex was the determining factor in the adverse action taken

Page 3 of 5
Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic et al.
Civil Case No. CV03-00030
Pretrial Order

Case 1:03-cv-00030   Document 65   Filed 11/29/2005   Page 3 of 5

against Plaintiff, that the legitimate, non-discriminatory reasons raised by Defendants were a pretext, and that she has been the victim of intentional discrimination.

(g) Whether Plaintiff is entitled to damages, and the extent of such damages.

(h) Whether Plaintiff has mitigated her damages, and the extent of such mitigation.

(i) Whether Plaintiff abandoned her employment.

7. The following issues of law, and no others, remain to be litigated at the trial:

(a) Whether Plaintiff has proved a prima facie case of discrimination under Title VII.

(b) Whether Defendants have sustained their burden to produce evidence that the alleged adverse employment action was based on legitimate, non-discriminatory reasons.

(c) Whether Plaintiff has sustained her burden of demonstrating that Defendants' legitimate, non-discriminatory reasons were a pretext for discrimination.

8. All discovery is complete.

9. The Exhibit Lists of the parties have been filed with the Court as required by Local Rule 16.7. The parties do not anticipate any objections to the exhibits listed.

10. Witness lists of the parties have heretofore been filed with the Court as required in Local Rule 16.7. (Except for good cause shown, only the witnesses identified in the list will be permitted to testify other than for impeachment or rebuttal.)

11. Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with Local Rule 32.1. For this purpose, the following depositions shall be lodged with the clerk as required by Local Rule 32.1:

Page 4 of 5
Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic et al.
Civil Case No. CV03-00030
Pretrial Order

Case 1:03-cv-00030   Document 65   Filed 11/29/2005   Page 4 of 5

(a) Deposition Transcript of Kerstan Reese of September 13, 2004.

12. The following law and motion matters are pending or contemplated:

The parties intend to file various motions in limine. Defendants also intend to file a motion for judgment as a matter of law.

13. The trial is to be a non-jury trial.

14. The trial is estimated to take 5 trial days.

15. The Final Pretrial Conference shall be held on the 29th day of November 2005, at 10:30 a.m.

16. The trial of this case will be held on the 6th day of December 2005, at 9:00 a.m.

17. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues of fact and law remaining to be litigated, this Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated this __28th__ day of __November__, 2005.

_____
HONORABLE D. LOWELL JENSEN
~~Judge, District Court of Guam~~
U.S. Senior District Judge

APPROVED AS TO FORM
AND CONTENT:

SUBMITTED BY:

CARLSMITH BALL LLP

LUJAN AGUIGUI & PEREZ LLP

By: _____
DAVID P. LEDGER, ESQ.
ELYZE McDONALD, ESQ.
*Attorneys for Defendants*
*Guam Seventh-Day Adventist Clinic et al.*

By: _____
DAVID J. LUJAN, ESQ.
PETER J. SABLAN, ESQ.
*Attorneys for Plaintiff*
*Julia Borja Emmanuel*

RECEIVED NOV 23 2005 DISTRICT COURT OF GUAM HAGATNA, GUAM

Page 5 of 5
Julia Borja Emmanuel v. Guam Seventh-Day Adventist Clinic et al.
Civil Case No. CV03-00030
Pretrial Order