CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Guam Seventh-day Adventist Clinic,
Guam-Micronesia Mission

FILED
DISTRICT COURT OF GUAM
NOV 29 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY, and DOES 1 through 10,<br><br>Defendants. | CIVIL CASE NO. CIV03-00030<br><br>DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE; DECLARATION OF FRANCES MANTANONA; DECLARATION OF SERVICE |

## I. INTRODUCTION

Plaintiff intends to call Attorney Meredith Sayre as a witness in this action, and thereby intends to introduce attorney-client privileged communications between Defendant's legal counsel, Carlsmith Ball LLP, and Defendant Guam Seventh-day Adventist Clinic's ("SDA"). *See* Pl.'s Witness List and Pl.'s Ex. 50. The contents of Exhibit 50 relate to legal advice dispensed to Defendant SDA by way of correspondence to Plaintiff, while she purported to act in her capacity

4844-2112-4352.1.037391-00004

ORIGINAL

as SDA's Human Resources Manager. In particular, Exhibit 50 advises SDA of the possible implications of reducing employee benefits in order to effect needed cost savings at SDA. Exhibit 50, as well as any legal advice given to SDA, by way of correspondence or other information provided to Plaintiff, as she acted or purported to act in her capacity as Human Resources Manager for SDA, such as that testimony expected to be elicited from Meredith Sayre and from Plaintiff, constitute communications protected by the attorney-client privilege.

Defendants hereby move the Court *in limine* for an Order excluding all evidence protected by the attorney-client privilege, including Exhibit 50 and confidential communications between Meredith Sayre and Defendant SDA, by way of communications between Ms. Sayre and Plaintiff.

## II. EXHIBIT 50 AND CONFIDENTIAL COMMUNICATIONS BETWEEN MEREDITH SAYRE AND PLAINTIFF ARE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE

A. The Attorney Client Privilege Applies.

In the Ninth Circuit, a party asserting the attorney client privilege must demonstrate: (1) When legal advice of any kind is sought (2) from a professional legal adviser in his or her capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are, at the client's instance, permanently protected (7) from disclosure by the client or by the legal adviser (8) unless the protection be waived. *United States v. Martin,* 278 F.3d 988, 999-1000 (9th Cir. 2002) (citing 8 Wigmore, Evidence § 2292, at 554 (McNaughton rev.1961) and *United States v. Plache,* 913 F.2d 1375, 1379 n. 1 (9th Cir.1990)).

The attorney-client privilege applies to the communications between Ms. Sayre and Defendant SDA, as expressed in Plaintiff's Exhibit 50 and as expected to be testified to by Plaintiff and Meredith Sayre, because (1) Defendant SDA sought legal advice (2) from Ms. Sayre in her capacity as attorney for Defendant SDA. (3) The communications between Ms.

Sayre and SDA related to the purpose for which SDA, through Plaintiff, in her capacity as an employee of SDA, sought legal advice, namely, on the subject of the reduction of employee benefits by Defendant SDA being imposed among different ethnic groups and ages. (4) The communications were made in confidence, as evident by the "Confidential" stamp on Exhibit 50, and as evident by Defendant SDA's intentions. *See* Mantanona Decl. at ¶ 3. (5) The legal advice was sought by the Ms. Sayre's client, Defendant SDA, through Plaintiff, its Human Resources Manager in that capacity. (6) Defendant SDA insists on the protection of these communications (7) from improper disclosure such as Plaintiff's intentions to call Ms. Sayre as a witness and/or to utilize Plaintiff's Exhibit 50 and/or to have Plaintiff testify as to these communications. *See* Mantanona Decl. at ¶ 4. (8) As discussed below, Defendant SDA has not waived the privilege.

B. Defendant SDA Has Not Waived the Attorney-Client Privilege.

Defendant SDA has not waived the attorney-client privilege. It is well-settled that the attorney-client privilege, and the ability to waive the privilege, belongs to the corporation and not to individual officers of the corporation. *See, e.g., Commodity Futures Trading Comm'n v. Weintraub*, 471 U.S. 343, 348 (1985); *U. S. v. Piccini*, 412 F.2d 591, 593 (2d Cir. 1969) ("The [communication] claimed to be privileged, however, was given by Piccini as an officer of the corporation, so that the privilege, if any, was that of the corporation, and may not be availed of by Piccini."); *Matter of Bevill, Bresler & Schulman Asset Management Corp.*, 805 F.2d 120, 123 (3d Cir. 1986), ("[A]ny privilege that exists as to a corporate officer's role and functions with a corporation belongs to the corporation, not the officer."); *Citibank, N.A. v. Andros*, 666 F.2d 1192, 1195 (8th Cir. 1981) ("The privilege ... belongs to the corporation. Therefore the power to assert or waive the privilege belongs to management, not the individual officers of the corporation."). This is consistent with the underlying purpose of the attorney-client privilege: to promote full and frank communications between attorneys and their clients. *Weintraub*, 471

U.S. at 348.

Because the corporation itself cannot directly waive the privilege, it must do so through its officers and directors. *Id.* However "the managers, of course, must exercise the privilege in a manner consistent with their fiduciary duty to act in the best interests of the corporation and not of themselves as individuals." *Id.* at 348-49.

In this case, Plaintiff, on behalf of her employer SDA, obtained legal advice from Meredith Sayre while purporting to act as Defendant SDA's Human Resources Director. Plaintiff's attempt to somehow waive a privilege belonging to SDA through her intentions to introduce Exhibit 50 and to call Ms. Sayre and/or to testify herself about confidential communications with Ms. Sayre, to her advantage as an individual, and not as an officer of SDA, is inconsistent with the fiduciary duties owe to Defendant SDA. Defendant SDA has not authorized Plaintiff to utilize Exhibit 50 for her own individual purposes nor to otherwise disclose it. *See* Mantanona Decl. at ¶ 5.

Only her own interests, and not Defendants' interests, would be advanced by a waiver of Defendant's privilege. Exactly on point is *Stopka v. Alliance of American Insurers*, 1996 WL 204324 (N.D. Ill. 1996) (corporate officer cannot waive corporation's attorney-client privilege in order to advance her own interests rather than for the benefit of the corporation). Because Plaintiff cannot waive the attorney-client privilege between SDA and its legal counsel Ms. Sayre, to benefit herself as an individual, the privilege has not been waived.

### III. CONCLUSION

The attorney-client privilege extends to all communications between Ms. Sayre and SDA provided to Plaintiff in her capacity as Defendant SDA's Human Resources Manager. Defendant did not grant Plaintiff any authority to waive the attorney-client privilege and indeed has not waived it. The Court should exclude all information and evidence protected by the attorney-

client privilege.

DATED: Hagåtña, Guam, November 29, 2005.

CARLSMITH BALL LLP

*[signature]*

DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic,
Guam-Micronesia Mission, and
Michael Mahoney

## DECLARATION OF FRANCES MANTANONA

I, FRANCES MANTANONA, declare the following:

1. I make this declaration on my personal knowledge and would be competent to testify to the matters contained herein.

2. I am the current Administrator of Defendant Guam Seventh-day Adventist Clinic.

3. Defendant SDA intends to protect any and all communications between itself and its legal advisers, including Meredith Sayre.

4. Defendant SDA has not waived the attorney-client privilege with respect to legal advice given by Ms. Sayre to Defendant SDA to Plaintiff Julie Emmanuel in her capacity as Defendant SDA's Human Resources Director.

5. Defendant SDA did not authorize Ms. Emmanuel to utilize the July 1, 2003 letter from Ms. Sayre to Ms. Emmanuel, listed as Plaintiff's Exhibit 50, for her own individual purposes.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of November, 2005 at Hagåtña, Guam

*/s/ Frances Mantanona*
FRANCES MANTANONA

## DECLARATION OF SERVICE

I, David Ledger, hereby declare under penalty of perjury of the laws of the United States, that on November 29, 2005, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANTS' MOTION IN LIMINE TO EXCLUDE EVIDENCE PROTECTED BY THE ATTORNEY-CLIENT PRIVILEGE upon Plaintiff's Counsel of record as follows:

> Peter J. Sablan, Esq.
> Lujan, Aguigui & Perez, LLP
> Suite 301, Pacific News Building
> 238 Archbishop Flores Street
> Hagåtña, Guam 96910

Executed this 29th day of November 2005 at Hagåtña, Guam.

DAVID LEDGER