
**ORIGINAL**

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Guam Seventh-day Adventist Clinic,
Guam-Micronesia Mission



**FILED**
DISTRICT COURT OF GUAM
NOV 29 2005 *gp*
MARY L.M. MORAN
CLERK OF COURT

## IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>    Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY, and DOES 1 through 10,<br><br>    Defendants. | CIVIL CASE NO. CIV03-00030<br><br>**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE UNDISCLOSED EVIDENCE; DECLARATION OF ELYZE MCDONALD; EXHIBIT A; DECLARATION OF SERVICE** |

### I. INTRODUCTION

Plaintiff Julie Emmanuel has listed a number of exhibits in her exhibit list that Defendant Guam Seventh-Day Adventist Clinic and Guam-Micronesia Mission requested during discovery, and which Plaintiff never produced. Defendants hereby moves the Court *in limine* for an Order excluding all undisclosed evidence on the grounds that the error in failing to produce these documents and the attempt to use them at trial harms Defendants, who have been precluded from questioning witnesses regarding these documents, and because Plaintiff has no substantial justification for her failure to produce the documents.

## II. FACTUAL BACKGROUND

During discovery, Defendants requested that Plaintiff produce the following:

1. "Any and all documents that support, may support, and/or otherwise relate to your claims stated in the Complaint." Ex. A, Request No. 5.

2. "Any and all documents that otherwise support, may support and/or relate to your claim of racial and gender discrimination by Defendants." Ex. A, Request No. 7.

3. "Any and all documents, including diaries, notebooks, notes, and calendars that you kept, wrote, or maintained during your employment with Defendant SDA Clinic that refer to or relate in any way to your employment there, the employment of others there, employment decisions by management whether concerning your employment or the employment of others or any matter involved in this litigation." Ex. A, Request No. 12.

4. "Any and all documents, including diaries, notebooks, notes, and calendars, that you kept, wrote, or maintained during your employment with Defendant SDA that refer or relate in any way to employment decisions concerning any person previously or currently employed by SDA Clinic." Ex. A, Request No. 13. Plaintiff responded: "I do not have documents which relate to other persons at SDA. I am knowledgeable about the cases since I became HR Director." *Id.*

## III. LEGAL DISCUSSION

The basic purpose of discovery is to take the "game" element out of trial preparation by enabling parties to obtain the evidence necessary to evaluate and resolve their dispute beforehand. *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

When a party knows or should know that her discovery responses are in some material respect incomplete or incorrect, the party then has a duty to supplement those responses. Fed. R. Civ. P. 26(e). A party who, "without substantial justification" fails to amend a prior response to

discovery as required by Rule 26(e), may be barred from using the evidence or witness not so disclosed at trial, unless such failure is harmless. Fed. R. Civ. P. 37(c)(1). There are therefore two express exceptions to the automatic sanctions mandated by Rule 37(c)(1): the information may be introduced if the failure to disclose the information is (1) substantially justified or (2) harmless. Fed. R. Civ. P. 37(c)(1). The burden of proving the applicability of one of the exceptions is on the offending party. *Yeti By Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir.2001).

During discovery, Plaintiffs did not produce Exhibits 20-29, 31-35, 38, 39, 45, 48-55, 60 and 67-74,[1] among other exhibits, in response to discovery requests furnished by Defendants. Defendants' objections to the use of these documents at trial are more fully stated below.

A.  Exhibit 20

Exhibit 20 is a notice of resignation submitted by Tracee Kaipat to Plaintiff. Exhibit 20 may be responsive to Request Nos. 5, 7, 12, and 13. Exhibit 20 was not produced, however. Plaintiff's error is not harmless because Defendants now have only a week until trial to try to understand the implications of the Exhibit. Had Exhibit 20 been produced prior to Plaintiff's deposition, Defendants would have been able to question Plaintiff about Ms. Kaipat's employment. Plaintiff cannot provide any substantial justification for failing to produce this exhibit.

B.  Exhibits 21-23, 25-29, 31-33

Exhibits 21-23, 25-29, and 31-33 relate to Ms. Mantanona's employment with SDA in 1999. Defendants have filed a Motion in Limine to Exclude Irrelevant Evidence under Federal

---

[1] Plaintiff's Exhibits 76 through 85 were also not properly disclosed during discovery, and Defendants have briefed that issue in their Motion in Limine to Exclude Evidence Relating to Plaintiff's Psychological Treatment, filed concurrently herewith. Moreover, Plaintiff's "no" answers to interrogatories seeking information regarding psychological treatment and her failure to supplement such answers effectively precluded Defendnats from any opportunity for meaningful discovery on these issues.

4848-5739-7504.2.037391-00004      3.
Case 1:03-cv-00030   Document 70   Filed 11/29/2005   Page 3 of 10

Rules of Evidence 401 and 403 to dispute the admissibility of these exhibits on relevance grounds. Defendants further object to these exhibits on the grounds that they are directly responsive to Request Nos. 5, 7, 12, and 13, and that none of these exhibits were produced. Plaintiff's error is not harmless because Defendants were unaware that Plaintiff would attempt to introduce these exhibits to prove a pattern or practice claim of discrimination, and cannot prepare to defend a pattern or practice claim in less than a week. Plaintiff cannot provide any substantial justification for failing to produce these exhibits.

C.  Exhibits 49, 51-55, 60, 67, 69

Exhibits 49, 51-55, 60, 67, and 69 deal with the outsourcing of janitorial services. Defendants have filed a Motion in Limine to Exclude Irrelevant Evidence under Federal Rules of Evidence 401 and 403 to dispute the admissibility of these exhibits on relevance grounds. Defendants further object to these exhibits on the grounds that they may be responsive to Request Nos. 5 and 7, and that none of these exhibits were produced. Plaintiff's error is not harmless because Defendants were unaware that Plaintiff would attempt to introduce these exhibits, because Defendants have no idea as to what relevance these documents have to this case, and because Defendants cannot now be expected to prepare to dispute this irrelevant evidence in less than a week. Plaintiff cannot provide any substantial justification for failing to produce these exhibits

D.  Exhibit 24, 34-35, 38, 39, 45, 48, 68, 70-74

Exhibits 24, 34-35, 38, 39, 45, 48, 68, and 70-74 are purportedly responsive to Request Nos. 5 and 7, however, they were not produced. Plaintiff's error is not harmless because Defendants now have only a week until trial to try to understand the relevance of these exhibits, and because an initial review of these exhibits conveys no relevance whatsoever. Had these exhibits been produced prior to Plaintiff's deposition, Defendants would then be able to question

Plaintiff about the documents and their relevance. Defendants would also be able to question witnesses regarding these documents, and are now unable to do so in less than a week before trial. Plaintiff cannot provide any substantial justification for failing to produce these exhibits.

## IV. CONCLUSION

Defendants respectfully request that the Court issue an order precluding Plaintiff from utilizing the above-stated exhibits at trial in this case. Defendants will be harmed by the failure of Plaintiff to produce these exhibits during discovery, and Plaintiff has no substantial justification for her failure to disclose.

DATED: Hagåtña, Guam, November 29, 2005.

CARLSMITH BALL LLP

*/s/ Elyze McDonald*
DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic,
Guam-Micronesia Mission, and
Michael Mahoney

## DECLARATION OF ELYZE MCDONALD

1. I, ELYZE MCDONALD, hereby declare:

2. I have personal knowledge of the matters stated herein and would be competent to testify to them if called to do so.

3. I am an attorney with the law firm of Carlsmith Ball LLP and represent Defendant Guam Seventh-Day Adventist Clinic and Guam-Micronesia Mission in this case.

4. Attached hereto as Exhibit A is a true and correct copy of Plaintiff's Response to Defendants' Request for Production of Documents, Request Nos. 5, 7, 12 and 13.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 29th day of November, 2005.

_____
ELYZE MCDONALD

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on November 29, 2005, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANTS' MOTION IN LIMINE TO EXCLUDE UNDISCLOSED EVIDENCE; DECLARATION OF ELYZE MCDONALD; EXHIBIT A upon Plaintiff's Counsel of record as follows:

>Peter J. Sablan, Esq.
>Lujan, Aguigui & Perez, LLP
>Suite 301, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

Executed this 29th day of November 2005 at Hagåtña, Guam.

_____
ELYZE MCDONALD

Response to Request To Produce No. 3:

See Response to Request to Produce No. 2.

REQUEST TO PRODUCE NO. 4: Any and all documents relating to, pertaining to, referring to, or indicating your employment performance including but not limited to performance evaluations, reprimands and disciplinary actions.

Response to Request To Produce No. 4:

Objection. The documents requested are exclusively in the possession of the defendants as they hold and control the official personnel files for all employees, including mine. To the extent that I have copies of any such documents, they have been produced in the initial disclosures.

REQUEST TO PRODUCE NO. 5: Any and all documents that support, may support and/or otherwise relate to your claims stated in the Complaint.

Response to Request To Produce No. 5:

As discovery progresses, other documents may be identified. See Response to Requests to Produce Nos. 1, 2, and 4.

REQUEST TO PRODUCE NO. 6: Any and all documents that support, may support, and/or otherwise relate to your claims in paragraphs 18-24 of the Complaint.

Response to Request To Produce No. 6:

See Response to Request to Produce No. 5.

REQUEST TO PRODUCE NO. 7: Any and all documents that otherwise support, may support, and/or relate to your claim of racial and gender discrimination by Defendants.

Response to Request To Produce No. 7:

See Response to Request to Produce No. 5.

REQUEST TO PRODUCE NO. 8: Any and all documents that support, may support, and/or otherwise relate to your claim of discrimination based on race and gender and hostile work environment on the part of Defendant Mahoney.

*Julie Borja Emmanuel vs. Guam Seventh-day Adventist Clinic et al.*
*Civil Case No. CV 03-00030*
*Plaintiff's Response to Defendant's First Request for Documents*
-6-

Case 1:03-cv-00030  Document 70  Filed 11/29/2005  Page 8 of 10  EXHIBIT A

Response to Request To Produce No. 8:

See Response to Request to Produce no. 5.

REQUEST TO PRODUCE NO. 9: Any and all documents that support, may support, and/or otherwise relate to your claim for general damages.

Response to Request To Produce No. 9:

See Response to Request to Produce No. 5.

REQUEST TO PRODUCE NO. 10: Any and all documents that support, may support, and/or otherwise relate to your claim for special damages, including but not limited to, your claim for back pay and front pay.

Response to Request To Produce No. 10:

See initial disclosures. As for availability of damages, some damages are legal questions to be answered at trial once claims are proved. Others are damages based on lost wages, as indicated in Plaintiff's Responses to Interrogatories. As other documents are obtained and discovered, they will be provided.

REQUEST TO PRODUCE NO. 11: Any and all documents that support, may support, and./or otherwise relate to your claim for punitive or exemplary or coercive damages.

Response to Request To Produce No. 11:

See Response to Request to Produce Nos. 5 and 10.

REQUEST TO PRODUCE NO. 12: Any and all documents, including diaries, notebooks, notes, and calendars, that you kept, wrote, or maintained during your employment with Defendant SDA Clinic that refer or relate in any way to your employment there, the employment of others there, employment decisions by management whether concerning your employment or the employment of others or any matter involved in this litigation.

Response to Request To Produce No. 12:

Many of the documents requested in this Request are maintained and controlled by

*Julie Borja Emmanuel vs. Guam Seventh-day Adventist Clinic et al.*
*Civil Case No. CV 03-00030*
*Plaintiff's Response to Defendant's First Request for Documents*
-7-

Case 1:03-cv-00030   Document 70   Filed 11/29/2005   Page 9 of 10

Defendants. To the extent that I have copies or notes relating to any subject mentioned in this request, they are being produced herein.

REQUEST TO PRODUCE NO. 13: Any and all documents, including diaries, notebooks, notes, and calendars, that you kept, wrote, or maintained during your employment with Defendant SDA Clinic that refer or relate in any way to employment decisions concerning any person previously or currently employed by SDA Clinic.

Response to Request To Produce No. 13:

See Response to Request to Produce No. 12. I do not have documents which relate to other persons at SDA. I am knowledgeable about the cases since I became HR Director.

REQUEST TO PRODUCE NO. 14: Any and all documents that relate to any counseling, treatment, in-patient care, rehabilitation, therapy, or medication with regard to the alleged Emotional Distress suffered by you including but not limited to medical bills, diagnosis or prognosis reports, medical prescriptions, treatment or therapy schedules, and diaries, notes and memoranda.

Response to Request To Produce No. 14:

I am not being treated medically for any Emotional Distress.

REQUEST TO PRODUCE NO. 15: Any and all documents that relate to any psychiatric or psychological treatment, assistance, or counseling that you have sought or received at any time during your lifetime.

Response to Request To Produce No. 15:

Not applicable.

REQUEST TO PRODUCE NO. 16: Any and all documents that relate to any medical treatment, assistance or counseling (other than psychiatric or psychological) that you sought or received since you first began employment at SDA Clinic to the present.

Response to Request To Produce No. 16:

Objection. Medical treatment I sought or received since I first began employment at SDA

*Julie Borja Emmanuel vs. Guam Seventh-day Adventist Clinic et al.*
*Civil Case No. CV 03-00030*
*Plaintiff's Response to Defendant's First Request for Documents*
-8-

Case 1:03-cv-00030 Document 70 Filed 11/29/2005 Page 10 of 10