ORIGINAL

CARLSMITH BALL LLP

DAVID LEDGER
ELYZE MCDONALD
Bank of Hawaii Bldg., Suite 401
134 West Soledad Avenue, P.O. Box BF
Hagåtña, Guam 96932-5027
Tel No. 671.472.6813

Attorneys for Defendants
Guam Seventh-day Adventist Clinic,
Guam-Micronesia Mission



FILED
DISTRICT COURT OF GUAM
NOV 3 0 2005
MARY L.M. MORAN
CLERK OF COURT

IN THE DISTRICT COURT OF GUAM

| | |
|---|---|
| JULIA BORJA EMMANUEL,<br><br>           Plaintiff,<br><br>vs.<br><br>GUAM SEVENTH-DAY ADVENTIST CLINIC, GUAM-MICRONESIA MISSION, MICHAEL MAHONEY, and DOES 1 through 10,<br><br>           Defendants. | CIVIL CASE NO. CIV03-00030<br><br>**DEFENDANTS' OPPOSITION TO MOTION TO CONTINUE; DECLARATION OF SERVICE** |

      Defendants respectfully oppose Plaintiff's Motion to Continue the Trial Date on the following grounds:

      First, trials in the District Court of Guam are currently presided over by visiting judges, and this trial is scheduled to be heard and determined by the Honorable D. Lowell Jensen, United States Senior District Judge for the Northern District of California, sitting by designation. Judge Jensen and his staff have already presumably made travel arrangements to travel to Guam to hear

this case. If it grants the continuance, the Court will be forced to incur costs in rescheduling its travel arrangements, or in bringing another visiting judge to travel to Guam to hear this case.

Second, a continuance also means that this case will be potentially affected by upcoming criminal trials, which take priority over the civil trials. The trial in this action has already been postponed a few times due to the scheduling needs of the Court. See the February 15, 2005 Order vacating the March 15, 2005 trial date and the July 14, 2005 Order vacating the August 15, 2005 trial date. In addition, the Court has already indicated that there will be no criminal trial conflicts with the December 6 trial date. Should this trial be continued, the parties have no guarantee that further postponements may occur due to the Court's criminal calendar.

Third, Plaintiff's counsel is a law firm in which, in addition to Mr. Sablan, Esq., and Mr. Perez, Esq., at least four other attorneys practice. If Mr. Perez becomes unavailable to assist Mr. Sablan with the trial in this case, the Lujan Aguigui Perez firm can tap into its other resources. Mr. Sablan has conducted the majority of the litigation in this case, including all depositions, and has attended hearings as well. There is no reason for Mr. Perez in particular, as opposed to any other attorney associated with the Lujan Aguigui Perez firm, to assist Mr. Sablan, if assistance is even necessary.

Fourth, Defendants are ready and prepared for trial. With the expectation of a December 6 trial date, Defendants have made arrangements with all of their witnesses to ensure their availability for trial. Defendants' witnesses have gone through great lengths to rearrange their schedules to accommodate the Court's trial schedule. One witness, Mike Mahoney, will be traveling from Afghanistan to appear at trial. Mr. Mahoney's duties in Afghanistan include training Afghanistan citizens to become hospital administrators. He has a tight schedule that is not easily re-arranged, and there is no guarantee that he will be able to attend a trial at a later

date. Should the Court grant the continuance, Defendants seek a reimbursement of all costs related to rescheduling his travel. In addition, Defendants have listed Dr. Bevan Geslani as a witness. In order to free up his schedule to testify at trial, Dr. Geslani has rescheduled a number of appointments with his patients. Dr. Geslani will incur difficulty in now rescheduling these appointments, and rescheduling future patient appointments should the Court grant a continuance. All of Defendants' witnesses are professionals who have made time out of their busy schedules to appear in this case.

In conclusion, Plaintiff's stated reasons do not justify continuing the trial date and incurring the costs of rescheduling the Court's travel and witness' travel, in addition to the numerous other logistics that must be handled should a continuance be granted. Because the Court has indicated that it is ready, and because Defendants are prepared for a trial beginning on December 6, Defendants respectfully oppose Plaintiff's Motion to Continue.

DATED: Hagåtña, Guam, November 30, 2005.

CARLSMITH BALL LLP

_____
DAVID LEDGER
ELYZE MCDONALD
Attorneys for Defendants
Guam Seventh-Day Adventist Clinic,
Guam-Micronesia Mission, and
Michael Mahoney

## DECLARATION OF SERVICE

I, Elyze McDonald, hereby declare under penalty of perjury of the laws of the United States, that on November 30, 2005, I will cause to be served, via hand delivery, a true and correct copy of DEFENDANTS' OPPOSITION TO MOTION TO CONTINUE upon Plaintiff's Counsel of record as follows:

>Peter J. Sablan, Esq.
>Lujan, Aguigui & Perez, LLP
>Suite 301, Pacific News Building
>238 Archbishop Flores Street
>Hagåtña, Guam 96910

Executed this 30th day of November 2005 at Hagåtña, Guam.

_____
ELYZE MCDONALD